**FILED**

4:42 pm, 3/27/23
**Margaret Botkins**
**Clerk of Court**

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

JANE DOE I, JANE DOE II, JANE DOE )
III, JANE DOE IV, JANE DOE V, JANE )
DOE VI, AND JANE DOE VII, on behalf )
of themselves and derivatively on behalf of )
KAPPA KAPPA GAMMA FRATERNITY, )
                             )
      Plaintiffs, )
                             )
      v. )
                             )    CASE NO.  73cv-51-J
KAPPA KAPPA GAMMA FRATERNITY, )
an Ohio non-profit corporation, as a )
Nominal Defendant and as a Direct )
Defendant; MARY PAT ROONEY, )
President of the Fraternity Council of )
KAPPA KAPPA GAMMA FRATERNITY, )
in her official capacity, KAPPA KAPPA )
GAMMA BUILDING CO., a Wyoming )
non-profit corporation, and TERRY )
SMITH )
                             )
      Defendants. )

## MOTION TO PROCEED ANONYMOUSLY

1.     Plaintiffs, Jane Does I-VII, seek leave from this Court to proceed anonymously. The

sensitive facts involved in this case, as well as the strong likelihood that the nature of this lawsuit

will result in threats and harassment from third-parties against individual students and their

families, merit this Court's approval. Plaintiffs also seek leave of Court to designate one of the

Defendants in this case as "Terry Smith" as this individual has similar privacy and safety interests.

2.     The Tenth Circuit has noted that "[t]he use of pseudonyms concealing plaintiffs' real names

has no explicit sanction in the federal rules" and "seems contrary to Fed. R. Civ. P. 10(a) which

requires the names of all parties to appear in the complaint." *Coe v. U.S. Dist. Ct. for Dist. of

Colorado*, 676 F.2d 411 (10th Cir. 1982). "In certain limited circumstances, however, courts have

permitted a plaintiff to proceed using a fictitious name where there are significant privacy interests

or threats of physical harm implicated by the disclosure of the plaintiff's name. *Nat'l Commodity*

*& Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) (per

curiam).

3.      The decision as to whether to permit Plaintiffs to proceed anonymously is jurisidictional

and committed to this Court's "informed" discretion. *M.M. v. Zavaras*, 139 F.3d 798, 802-803

(10th Cir. 1998). The Tenth Circuit has not yet listed the factors this Court must consider, but a

"plaintiff's economic or professional concerns" are not enough. *Gibbs*, 886 F.2d at 1245. The right

is granted "where the issues involved are matters of a sensitive and highly personal nature" such

that the "the normal practice of disclosing the parties' identities yields to a policy of protecting

privacy in a very private matter." *Coe*, 676 F.2d at 416 (quoting *S. Methodist Univ. Ass'n of Women*

*Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979)).

4.      The courts often weigh five factors when considering a request to file anonymously:

> [1] whether the justification asserted by the requesting party is merely to avoid the
> annoyance and criticism that may attend any litigation or is to preserve privacy in
> a matter of sensitive and highly personal nature; [2] whether identification poses a
> risk of retaliatory physical or mental harm to the requesting party or even more
> critically, to innocent non-parties; [3] the ages of the persons whose privacy
> interests are sought to be protected; [4] whether the action is against a governmental
> or private party; and, relatedly, [5] the risk of unfairness to the opposing party from
> allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238-39 (4th Cir. 1993). The Court not only decides whether to

grant permission to proceed anonymously, but it also may impose such other conditions (such as

requiring disclosure of their true identity under seal) that it finds necessary. *Gibbs*, 886 F.2d at

1245.

5.      Both the specific issue presented in this case—whether a transgender individual can join a

sorority and live in a sorority house as a "woman"— and the larger issue of transgender rights are

2

matters of intense public concern. This intense interest likely precludes sealing this case entirely. Especially as this case presents, for what appears to be the first time, the question whether the word "woman" includes a man who "identifies as a woman" as a matter of law. The actual names of the individuals involved is likely the least relevant fact before this Court.

6.    All of the factors that courts consider in determining whether to permit a party to proceed pseudonymously warrant granting authority for the use of anonymous identities in this matter. Pseudonyms will protect the parties from the significant psychological distress that has already accompanied prior disclosures in this matter. The Complaint includes intense discussion of the behavior of individuals within their intimate living space. The young people who are parties to this litigation have already faced threats, harassment, and safety concerns. Although the parties are not minors, they are as close as one can get: college students between the ages of 18 and 21.

7.    Plaintiffs have not filed an affidavit to accompany this motion, as the signed affidavit would become a public document and defeat the very reason for Plaintiffs' request. Counsel are willing to present a witness under such conditions as the Court may impose. Plaintiffs' concerns are centered on the social media maelstrom that surrounds these issues generally and the fact that this matter has already attracted significant press coverage. As one example, a Laramie man reserved a table at the University of Wyoming's student union and presented information that used Smith's actual name and stated that Smith is a man. This activity was followed by a counter-protest and comments from individuals up to and including the Governor of Wyoming.

8.    What the public record does not yet reflect is the other very real threats to Plaintiffs and Smith. The Laramie man mentioned in the prior paragraph did not simply present information at a table in the student union. That same day, after being ejected from the Union, he visited the Kappa Kappa Gamma sorority house to talk to the sorority members. He appears to have believed that he

could convince these young women he had never met, aged 18-21, of the correctness of his position in person. Sorority members at the house had no idea who he was or what his intentions were. When the media attention began, the Sorority instructed all chapter members at the University of Wyoming not to publicly wear sweatshirts or other clothing with the Sorority's logo. The Sorority chapter eliminated its social media presence. One sorority member approached Plaintiff Jane Doe I, stating that the member's parents had received email and other social media communications attacking them (the parents) for the Sorority's decision to admit Smith.

8.     As recently as a month ago, University officials told Smith stated that additional threats related to this matter had been made on YikYak, a social media site, and Smith relayed this information to other sorority members.

9.     Permitting the Plaintiffs to proceed anonymously will not prejudice any parties to this matter. The Plaintiffs have no objection to sharing identities and sensitive information under a protective order.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court GRANT their Motion to Proceed Anonymously and afford Defendant Terry Smith the same protection.

Respectfully submitted,

Cassie Craven, 7-5664                          John Knepper
Longhorn Law Limited Liability Company          Law Office of John G. Knepper, LLC
109 E. 17th St. Suite 11                        P.O. Box 1512
Cheyenne, Wyoming 82001                         Cheyenne, Wyoming 82003
307-823-3062                                    307-632-2842
cassie@longhornlawllc.com                       John@KnepperLLC.com


Dated this 27th day of March, 2023.