

FILED

1:50 pm, 4/6/23

Margaret Botkins
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

JANE DOE I, JANE DOE II, JANE DOE III, JANE DOE IV, JANE DOE V, JANE DOE VI, AND JANE DOE VII, on behalf of themselves and derivatively on behalf of KAPPA KAPPA GAMMA FRATERNITY,

Plaintiffs,

v.

KAPPA KAPPA GAMMA FRATERNITY, an Ohio non-profit corporation, as a Nominal Defendant and as a Direct Defendant, and MARY PAT ROONEY, President of the Fraternity Council of KAPPA KAPPA GAMMA FRATERNITY, in her official capacity, and KAPPA KAPPA GAMMA BUILDING CO., a Wyoming non-profit corporation, and TERRY SMITH,

Defendants.

Case No. 23-CV-51-ABJ

**ORDER DENYING PLAINTIFFS' *MOTION TO PROCEED ANONYMOUSLY* (ECF NO. 2) AND REQUIRING PLAINTIFFS TO FILE AN AMENDED COMPLAINT SUBSTITUTING THEIR REAL NAMES ON OR BEFORE APRIL 20, 2023**

THIS MATTER comes before the Court following Plaintiffs', Jane Doe I, Jane Doe II, Jane Doe III, Jane Doe IV, Jane Doe V, Jane Doe VI, and Jane Doe VII, on behalf of themselves and derivatively on behalf of Kappa Kappa Gamma Fraternity ("Plaintiffs"), *Motion to Proceed Anonymously*, filed on March 27, 2023. ECF No. 2. Given the "sensitive

facts" involved in this case, as well as the "strong likelihood" that this lawsuit will lead to threats and harassment, Plaintiffs ask this Court for leave to proceed anonymously. *Id.*, ¶ 1. Plaintiffs also seek leave to anonymize Defendant, "Terry Smith" ("Smith"), for similar privacy and safety reasons. *Id.*

Having reviewed the filings, the applicable law, and being otherwise fully advised, the Court concludes that Plaintiffs' *Motion to Proceed Anonymously* (ECF No. 2) is **DENIED**.

## BACKGROUND

This case is brought by seven Jane Does – all undergraduate students at the University of Wyoming and current members of the Kappa Kappa Gamma Fraternity[1] ("KKG" or "the sorority") on campus – against Defendants, KKG, an Ohio non-profit corporation; Mary Pat Rooney, in her official capacity as President of the Fraternity Council of KKG ("Rooney"); KKG Building Co., a Wyoming non-profit corporation ("KKG Building Co."); and Smith (collectively, "Defendants"). ECF No. 1, ¶¶ 15–25. The anonymous students allege, *inter alia*, that national sorority officials disregarded KKG bylaws and the required voting process by inducting Smith, who is a transgender woman, as a member. *Id.*, ¶¶ 1–2.

Plaintiffs bring claims for: (1) a derivative cause of action against Defendants KKG and Rooney (*id.*, ¶¶ 158–66); (2) breach of contract against Defendant KKG

[1] In accordance with Plaintiffs' *Verified Member Derivative Complaint for Breach of Fiduciary Duties* ("*Complaint*"), filed on March 27, 2023, this Court refers to Kappa Kappa Gamma as a "sorority," despite corporate documents describing KKG as a "fraternity." ECF No. 1, ¶ 1, n.1.

Building Co. (*id.*, ¶¶ 167–71); (3) tortious interference with a contract against Defendant KKG (*id.*, ¶¶ 172–74); and (4) a direct cause of action against Defendants KKG and Rooney (*id.*, ¶¶ 175–78). Plaintiffs ask this Court for declaratory judgments ordering: (1) that "men who identify as women" are ineligible for KKG membership, including voiding, *ab initio*, Smith's admission; (2) Defendants' violation of their obligations to the KKG organization; and (3) Defendants' violation of a campus housing contract. *Id.* at 68. Plaintiffs also seek permanent injunctive relief invalidating Smith's membership and prohibiting men from admission to KKG, as well as monetary damages. *Id.*

At bar today, however, Plaintiffs request leave to proceed anonymously. ECF No. 2, ¶ 1. Barely beyond the age of minors, Plaintiffs argue that they have "already faced threats, harassment, and safety concerns" from this litigation, including a "social media maelstrom" often encircling matters of intense public scrutiny like transgender rights. *Id.*, ¶¶ 5–7. Sealing their real names, say Plaintiffs, will not prejudice any parties. *Id.*, ¶ 9. Plaintiffs also offer to provide their names to Defendants in a sealed document. *Id.*

## STANDARD OF REVIEW

Proceeding anonymously is uncontemplated by the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 10(a) (requiring that a complaint's title "name all the parties"), 17(a)(1) (prescribing that "[a]n action must be prosecuted in the name of the real party in interest").[2] Nevertheless, the Tenth Circuit has recognized certain "exceptional

[2] "The Federal Rules thus make no provision for suits by persons using fictitious names or for anonymous plaintiffs." *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989).

cases" where parties may proceed anonymously. *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 410 (10th Cir. 2005) (unpublished). Exceptional circumstances exist: (1) in '"cases involving matters of a highly sensitive and personal nature;'"[3] (2) in cases involving a '"real danger of physical harm;'" or (3) '"where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.'" *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) (per curiam)), *aff'd*, *Goico v. Kansas*, 773 F. App'x 1038, 1040 (10th Cir. 2019) (unpublished).[4]

"Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'" *Femedeer*, 227 F.3d at 1246 (quoting *M.M. v. Zavaras*, 139 F.3d 798, 802–03 (10th Cir. 1998)). Permitting a party to do so lies within this Court's discretion. *See Zavaras*, 139 F.3d at 802–03. I may also "weigh[] the plaintiff[s'] claimed right to privacy against the countervailing public interest."[5] *Id.* at 803. Plaintiffs "should not be permitted

---

[3] The risk that a plaintiff "may suffer some embarrassment is insufficient to permit anonymity." *Raiser*, 127 F. App'x at 411 (internal citation omitted). Alternatively, courts have consistently found that complaints involving minors are of a highly sensitive and personal nature, thus meeting the "exceptional circumstances" standard. *See, e.g.*, *G.R. v. Laabs*, No. 22-212 MIS/SCY, 2022 WL 4482718, at *1 (D.N.M. Sept. 27, 2022); *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 3389878, at *2 (D. Kan. Jul. 12, 2018).

[4] Plaintiffs cite to *James v. Jacobson*, 6 F.3d 233, 238–39 (4th Cir. 1993), for a list of five factors that "courts often weigh." *See* ECF No. 2, ¶ 4. However, Plaintiffs provide no Tenth Circuit authority adopting these factors. Therefore, I consider them only to the extent that they conform with the three contexts enumerated by the Tenth Circuit in *Femedeer*. *See* 227 F.3d at 1246. Plaintiffs are correct that the Tenth Circuit has not mandated a multi-factor test, as other federal appellate courts have done, but the exceptional circumstances, outlined *supra*, constitute binding guidance on this Court. *See, e.g.*, *Doe v. USD 259, Wichita Sch. Dist.*, No. 22-1279-TC-ADM, 2023 WL 2043155, at *3 (D. Kan. Feb. 16, 2023).

[5] I also bear in mind that, without a party's name in the public record, "it is difficult to apply legal principles of res judicata and collateral estoppel." *Femedeer*, 227 F.3d at 1246.

to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser*, 127 F. App'x at 411.

**ANALYSIS**

In short, I conclude that Plaintiffs do not meet the high pseudonymity bar reserved for exceptional cases. Two of *Femedeer*'s "exceptional circumstances" warrant consideration, including whether this case involves "matters of a highly sensitive and personal nature" or a "real danger of physical harm." *See* 227 F.3d at 1246 (internal quotations omitted). Plaintiffs argue primarily for the latter. *See* ECF No. 2, ¶¶ 5–8.

I begin with the former, which, I find, is unmet. Pseudonymous litigation has been permitted under this exception where the issues involve, as examples, "birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *Does 1 through 11 v. Bd. of Regents of Univ. of Colo.*, No. 21–cv–02637–RM–KMT, 2022 WL 43897, at *3 (D. Colo. Jan. 5, 2022) (internal quotation omitted).[6] Plaintiffs likely respond that transsexuality warrants inclusion.[7] I would agree if Smith had so moved, but not here. Preliminarily, Plaintiffs' names are not highly sensitive or personal. "Courts facing . . . actions for sexual . . . harassment . . . in university settings have generally

---

[6] *See also S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979) (outlining identical examples).

[7] *See Sherman v. Trinity Teen Solutions, Inc.*, 339 F.R.D. 203, 205 (D. Wyo. 2021) (quoting *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011), for examples where courts have granted pseudonymity, including, *inter alia*, transsexuality) (in turn, quoting *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990)); *but see Doe v. Neverson*, 820 F. App'x 984, 988 (11th Cir. 2020) (unpublished) (also noting transsexuality as a common example, but due to the "social stigma attached to *the plaintiff's* [i.e., the movant's] *disclosure*" of transgender status) (internal citation omitted) (emphasis added).

required adult plaintiffs to proceed in their own names." *See Doe H. v. Haskell Indian Nations Univ.*, 266 F. Supp. 3d 1277, 1289 (D. Kan. 2017). Plaintiffs are also adults. *See Doe v. Bd. of Regents of Univ. of N.M.*, No. 20-1207 JB/JHR, 2021 WL 4034136, at *1 (D.N.M. Sept. 4, 2021) (highlighting, *inter alia*, plaintiff's adult status as weighing against anonymity). Notably, this is not a case solely between members of the same sorority, nor is it a sexual harassment action.[8] Rather, it is a breach of fiduciary-duty and contract case against out-of-state Defendants; Plaintiffs also seek declaratory judgments, injunctive relief, and damages. Courts generally disallow parties to proceed anonymously in such cases, finding that the public's interest outweighs the movants' privacy interests. *See, e.g.*, *United Fin. Cas. Co. v. R.A.E., Inc.*, No. 20-2467-KHV, 2020 WL 6117895, at *2 (D. Kan. Oct. 16, 2020) (disallowing a parent to proceed anonymously in a declaratory judgment action involving a dispute about insurance coverage for a minor student molested on an insured bus); *GEICO Gen. Ins. Co. v. M.O.*, No. 21-2164-DDC-ADM, 2021 WL 4476783, at *6 (D. Kan. Sept. 30, 2021) ("In general, parties who assert damage claims should expect some level of public exposure in employing the courts to resolve their disputes.") (disagreeing with movants' characterization of the case as one that "involve[d] personal and intimate details" of a sexual relationship and stating that it was, in fact, an insurance coverage dispute). Thus, Plaintiffs' names are relevant[9] and warrant disclosure.

---

[8] Plaintiffs do not allege claims against Defendant Smith, but maintain that Smith is a required party under Fed. R. Civ. P. 19(a)(1)(B). *See* ECF No. 1, ¶ 1, n.2. Plaintiffs argue the same vis-à-vis KKG Building Co. *See id.*, ¶ 24. The Court, at this early stage, refrains from addressing whether either Defendant is a required party.

[9] *See* ECF No. 2, ¶ 5.

Plaintiffs pivot, arguing that this case spotlights individuals within their "intimate living space." ECF No. 2, ¶ 6. Again, however understandable, Plaintiffs' privacy interests in their sorority house do not outweigh the public's legitimate interest in knowing the parties involved. *See Doe v. Regents of the Univ. of Colo.*, 603 F. Supp. 3d 1014, 1020 (D. Colo. 2022) (stressing "the public interest in knowing . . . the identities of the parties" that "far outweigh[ed] the claimed privacy interests" – given that the suit was "a matter of public concern [that was] being litigated in a public court, and the public ha[d] a strong interest in knowing how our court system is being used to resolve such a dispute [involving misconduct accusations of individuals at a public university] and who is involved in the case"); *Doe v. U.S. Dep't of Justice*, 93 F.R.D. 483, 484 (D. Colo. 1982) ("[L]awsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among the facts is the *identity of the parties*.") (emphasis added). Therefore, this is not a matter of a highly sensitive or personal nature, or at least not to the extent that Plaintiffs may receive judicial harbor.

I turn to the crux of Plaintiffs' *Motion*: that denying anonymity will lead to threats, harassment, and safety risks. *See* ECF No. 2, ¶ 6. Plaintiffs point to a recent protestor's uninvited visit to the KKG house and threatening social media communications as examples. *See id.*, ¶¶ 8–9. The standard, however, is a "real danger of physical harm"[10] – and one Plaintiffs have not met.

---

[10] *See Femedeer*, 227 F.3d at 1246 (internal quotation omitted); *see also United States v. Doe*, 655 F.2d 920, 922, n.1 (9th Cir. 1981) (granting pseudonymity where an appellant, as a "government witness, . . . faced a risk of serious bodily harm if his role on behalf of the Government were disclosed to other inmates").

Plaintiffs have not shown that they are in real danger of physical harm. Despite the undoubtedly frightening presence of an uninvited visitor to one's home, it seems to this Court that the protester, in fact, supported Plaintiffs' views on transgender rights. Plaintiffs certainly expose themselves to criticism, ostracism, and vitriol by suing in federal court. However, such "subjective, psychogenic harms" plainly fall short of this exceptional circumstance. *See Oklahoma v. Biden*, 584 F. Supp. 3d 1034, 1039–40 (W.D. Okla. 2022) (holding that possible criticism for refusing to take the COVID-19 vaccine did not warrant anonymity). Embarrassment from exposure of one's sex offender status was also insufficient in *Femedeer*. *See* 227 F.3d at 1246. Similarly, here, broadcasting of Plaintiffs' views regarding the legitimacy of their fellow sorority member, or their alleged "psychological distress,"[11] both fall short. *See Bd. of Regents of Univ. of N.M.*, 2021 WL 4034136, at *2 (concluding that psychological harm "alone is insufficient to warrant pseudonymity in a civil matter that [a plaintiff] brings to vindicate her interests"); *Oklahoma*, 584 F. Supp. 3d at 1040 ("In any event, being subject to criticism in the public sphere, even if intense, does not pose a risk of mental harm sufficient to support anonymity.") (internal citation omitted). Of-age Plaintiffs bring any social media backlash, or celebrity, on themselves.

I end by taking a step back. The First Circuit recently opined:

> Litigation by pseudonym should occur only in 'exceptional cases.' Lawsuits in federal courts frequently invade customary notions of privacy and – in the bargain – threaten parties' reputations. The allegations are often serious (at least to the parties) and motivated adversaries do not lack for procedural weapons. Facing the court of public opinion under these

[11] *See* ECF No. 2, ¶ 6.

> conditions is sometimes stressful – *but that is the nature of adversarial litigation.*

*Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 70, 74 (1st Cir. 2022) (quoting, *inter alia*, *Doe*, 951 F.2d at 324) (also holding that "[a] reasonable fear of severe harm is not a *sine qua non* for allowing plaintiffs to seek Doe status") (other internal citations omitted) (emphasis added and altered); *Roe v. Heil*, No. 11-cv-01983-WJM-KLM, 2011 WL 3924962, at *4 (D. Colo. Sept. 7, 2011) ("[T]hose using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials.").

The bottom line is this. Lawsuits are public events, and the public, especially here, has an important interest in access to legal proceedings. Plaintiffs may not levy serious accusations without standing behind them. Our system of dispute resolution does not allow Plaintiffs to cower behind an anonymity shield, especially one that is so rarely bestowed in this District or Circuit. Defendants do not have the option of proceeding pseudonymously.[12] Defendant Smith, for example, stands publicly accused of concerning misconduct. Plaintiffs must so too endure the scrutiny that accompanies public lawsuits.

At the end of the day, I find that Plaintiffs have not demonstrated that this is one of those few exceptional cases involving highly sensitive or personal matters or a real danger of physical harm. Furthermore, after weighing Plaintiffs' alleged privacy rights against the public interest favoring openness, this case, at present, does not warrant pseudonymity.

---

[12] Plaintiffs' motion for Defendant Smith's anonymity is belied by their own *Complaint*, which reveals Smith's real name in an unredacted email by Plaintiffs' counsel. *See* ECF No. 1-1, at 122. The Court also notes that numerous media outlets have reported Smith's real name. *See Raiser*, 182 F. App'x at 811 (noting that when a party's name was already in the public domain, a request to proceed anonymously was "equivalent to asking us to put jack back in the box").

## CONCLUSION

For the foregoing reasons, Plaintiffs have not met the exceptional circumstances compelling pseudonymity and have failed to overcome the strong default rule that parties must proceed under their real names. Plaintiffs have also offered no support that would justify elevating their collective privacy above the public's significant interest in open legal proceedings.

Therefore, IT IS **HEREBY ORDERED** that Plaintiffs' *Motion to Proceed Anonymously* (ECF No. 2) is **DENIED**. Because the Tenth Circuit has held that the failure to proceed in a plaintiff's true name, if uncured, is a jurisdictional defect,[13] the Court grants Plaintiffs leave until **APRIL 20, 2023**, to file an amended complaint that substitutes Plaintiffs' real names.

IT IS **SO ORDERED**.

Dated this 6th day of April, 2023.

Alan B. Johnson
United States District Judge

[13] *See W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001); *see also M.A.C. v. Gildner*, 853 F. App'x 207, 210 (10th Cir. 2021) (unpublished) (noting that "proceeding anonymously without permission is a jurisdictional defect that may (and, indeed, must) be raised *sua sponte*").