

FILED

3:32 pm, 4/14/23

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JANE DOE I, JANE DOE II, JANE DOE III, JANE DOE IV, JANE DOE V, JANE DOE VI, and JANE DOE VII, on behalf of themselves and derivatively on behalf of KAPPA KAPPA GAMMA FRATERNITY,<br><br>Plaintiffs,<br><br>v.<br><br>KAPPA KAPPA GAMMA FRATERNITY, an Ohio non-profit corporation, as a Nominal Defendant and as a Direct Defendant, and MARY PAT ROONEY, President of the Fraternity Council of KAPPA KAPPA GAMMA FRATERNITY, in her official capacity, and KAPPA KAPPA GAMMA BUILDING CO., a Wyoming non-profit corporation, and TERRY SMITH,<br><br>Defendants. | Case No.  23-CV-51-ABJ |

**ORDER DENYING PLAINTIFFS'** *RENEWED REQUEST TO PROCEED ANONYMOUSLY* **(ECF NO. 4)**

THIS MATTER comes before the Court following Plaintiffs', Jane Doe I, Jane Doe II, Jane Doe III, Jane Doe IV, Jane Doe V, Jane Doe VI, and Jane Doe VII, on behalf of themselves and derivatively on behalf of Kappa Kappa Gamma Fraternity ("KKG") (collectively, "Plaintiffs"), *Renewed Request to Proceed Anonymously*, filed on April 7, 2023. ECF No. 4.

1

Having reviewed the filings, the applicable law, and being otherwise fully advised, the Court concludes that Plaintiffs' *Renewed Request to Proceed Anonymously* (ECF No. 4) is **DENIED**.

## BACKGROUND

On April 6, 2023, this Court published its *Order Denying Plaintiffs' Motion to Proceed Anonymously (ECF No. 2) and Requiring Plaintiffs to File an Amended Complaint Substituting Their Real Names on or before April 20, 2023*. ECF No. 3. Therein,[1] the Court determined that Plaintiffs did not meet the high pseudonymity bar reserved for "'exceptional cases,'" finding that this case did not involve "'matters of a highly sensitive and personal nature'" or a "'real danger of physical harm.'" *Id.* at 5–10 (quoting *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (internal citation omitted)). I concluded that Plaintiffs offered "no support that would justify elevating their collective privacy above the public's significant interest in open legal proceedings." *Id.* at 10.

"In light of developments" since March 27, 2023, Plaintiffs respond that "exigent circumstances" warrant my reconsideration. *See* ECF No. 4, ¶¶ 2, 13. Plaintiffs contend that they are particularly vulnerable because the public is aware of their home address. *See id.*, ¶¶ 9–10. More broadly, Plaintiffs argue that the current climate of transgender rights, including, *inter alia*, an assault on a public speaker in California, a Wyoming representative's inflammatory social media post, an elementary school shooting in

---

[1] The case's facts, including, *inter alia*, Plaintiffs' claims and requested relief, are outlined in the Court's prior *Order*. *See* ECF No. 3, at 2–3; *see also* ECF No. 1 (i.e., Plaintiffs' *Verified Member Derivative Complaint for Breach of Fiduciary Duties*).

2

Tennessee, and death threats against the Wyoming representative and KKG-house protester, requires their anonymity. *See id.*, ¶¶ 4–6, 10; ECF No. 4-1. Finally, Plaintiffs note that, unlike Defendant "Terry Smith" ("Smith"), they have not chosen to disseminate their names. *See id.*, ¶¶ 11–12.

## ANALYSIS

I find that Plaintiffs' "exigent"[2] circumstances remain unexceptional. Plaintiffs must show that they face "real, imminent personal danger" sufficient to overcome the "public's interest in open court proceedings[.]" *See Femedeer*, 227 F.3d at 1246; *Sherman v. Trinity Teen Solutions, Inc.*, 339 F.R.D. 203, 206 (D. Wyo. 2021).[3] They have not and thus, offer no basis to disturb this Court's prior *Order*. ECF No. 3.

I yearn for the day where litigants seek their courts unburdened by the mere possibility of physical reprisal. That hope may be quixotic today. The digital age is one of comprehensive access, whether via electronic case files, search engines, or Twitter updates. Gone are the days where motions and orders collected dust in the anachronistic file rooms below this courthouse. Litigants' privacy expectations have too changed. Federal lawsuits are, more and more, above-the-fold news. Add in salacious claims against one, who Plaintiffs concede, stands in the public forum and the media spotlight burns brighter. "But the threat of significant media attention – however exacerbated by the modern era – alone

---

[2] ECF No. 4, ¶ 13.
[3] I need not wax longiloquent again regarding the presumption against pseudonymous pleading. *See* ECF No. 3, at 3–5, 8–10; *see also Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (weighing a plaintiff's anonymity interest against the "constitutionally-embedded presumption of openness in judicial proceedings").

3

does not entitle a plaintiff to the exceptional remedy of anonymity under [Fed. R. Civ. P.] 10." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 527–28 (S.D.N.Y. 2021).[4] Plaintiffs insert themselves into a contentious debate gripping our nation; their collective residence in a known location is cause for concern.

However, Plaintiffs' conclusory fears of unspecified retaliation, sans any particularized facts, are insufficient to meet the exceptional circumstance of pseudonymity.[5] While Plaintiffs offer no authority prompting reconsideration,[6] the Court cannot unearth a single instance where the Tenth Circuit has granted the physical-harm exception. Forced to turn elsewhere, I find that our sister circuits have granted the exception to incarcerated plaintiffs, fearful of their fellow inmates, and those facing severe repercussions like imprisonment or deportation. *See, e.g., Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015) (granting pseudonymity where a plaintiff-inmate made a "strong showing,

---

[4] "In private civil suits, courts recognize there is a significant interest in open judicial proceedings since such suits do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms." *Doe v. Leonelli*, No. 22-cv-3732 (CM), 2022 WL 2003635, at *4 (S.D.N.Y. Jun. 6, 2022) (internal citations omitted).

[5] *See also Doe v. Lee*, 599 F. Supp. 3d 701, 704–05 (M.D. Tenn. 2022) (holding that a plaintiff's: (1) concerns that a lawsuit "*might* receive press attention that *might* expose him to harm from members of the public" were speculative; and (2) failure to offer evidence "that such harm [was] likely" was insufficient to warrant pseudonymity) (emphasis in original); *Doe v. Weber State Univ.*, No. 20-cv-00054-TC-DAO, 2021 WL 5042849, at *4–5 (D. Utah Oct. 29, 2021) (rejecting a physical-harm exception where the adult plaintiff provided "no information, evidence, or particularized facts supporting" her claim) (also noting that the plaintiff's sexual misconduct allegations "all relate[d] to how [the public university] addressed, or failed to address, [her] complaints").

[6] Tellingly, Plaintiffs' lone citation points to the Supreme Court's treatment of the amount-in-controversy requirement when a federal court proceeds under diversity jurisdiction, arguing that the Tenth Circuit's anonymity requirements "feel[], to a certain extent, anomalous." *See* ECF No. 4, ¶ 2 n.1. I parry this red herring quickly: this Court is not at liberty to disregard binding Tenth Circuit guidance.

4

based on the affidavit of a highly-qualified correctional expert," that disclosure of repeated episodes of extreme sexual abuse while incarcerated "would create a significant risk of severe harm at the hands of other inmates, a risk to which [the plaintiff] would be quite vulnerable");[7] *cf. In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1243–48 (11th Cir. 2020) (rejecting anonymity where movants presented "general evidence showing that those who oppose [Colombian] paramilitary groups or paramilitary-affiliated entities face risks of paramilitary violence"); *see also Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 74 (1st Cir. 2022) (holding that even "[a] reasonable fear of severe harm is not a *sine qua non* for allowing plaintiffs to seek Doe status") (internal citation omitted).

By contrast, Plaintiffs present little to demonstrate that they, themselves, are in "real, imminent *personal* danger." *See Femedeer*, 227 F.3d at 1246 (emphasis added). For example, it is unclear if Plaintiffs have, in fact, faced threats or harassment. *Compare* ECF No. 4, ¶ 3 ("To the extent that this Court requires concrete evidence of threats of violence directed against each individual Plaintiff, this is impossible: no one knows their identities."), *with* ECF No. 2, ¶ 6 ("The young people who are parties to this litigation have already faced threats, harassment, and safety concerns.") (seemingly referring to Smith, rather than Plaintiffs). The tragic, yet distant, events in Nashville, or a politician's ill-

---

[7] *See also Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1066–67 (9th Cir. 2000) (allowing anonymity where textile-worker-plaintiffs presented significant evidence of retaliation by blacklisting and legitimately "fear[ed] extraordinary retaliation, such as deportation, arrest, and imprisonment"); *cf. Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036 (9th Cir. 2010) (denying anonymity to minor plaintiffs in a suit challenging school's race-based admission policy despite plaintiffs' claimed fears of physical harm if their names were disclosed).

advised innuendos, are irrelevant. Nor am I convinced that this is such an unusual case that Plaintiffs' collective safety cannot be entrusted in the first instance to the University of Wyoming Police Department. Plaintiffs counter that my prior ruling "eliminated protection for all litigants."[8] I disagree. Plaintiffs' reliance on the public's "intense interest"[9] in this case is a double-edged sword. On one hand, they argue that the case presents a groundbreaking issue of first impression with national implications.[10] But, on the other, they say that same *generalized* scrutiny precipitates security risks and warrants their anonymity. Plaintiffs cannot have it both ways.

This Court exists to serve the public. There is a universal public interest[11] in access to Plaintiffs' identities – one that is "presumptively paramount[] against those [interests] advanced by [Plaintiffs]." *See Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980) (internal citation omitted); *see also Doe v. Megless*, 654 F.3d 404, 411 (3d Cir. 2011). Plaintiffs have chosen to level accusations of impropriety against Defendants. They must now shoulder the burden of those accusations and walk in the public eye. Balancing the public interest against Plaintiffs' showings of personal physical harm, I arrive where I

---

[8] *See* ECF No. 4, ¶ 9.
[9] ECF No. 2, ¶ 5.
[10] Indeed, despite this case's publicity, Plaintiffs have not filed declarations alleging harm to any KKG member that would support a pseudonymous lawsuit.
[11] *See Signature Mgmt. Team, LLC v. Doe*, 323 F. Supp. 3d 954, 957 (E.D. Mich. 2018) ("The public has a right to know who the parties are in almost every case before a federal district court as a matter of 'public confidence in and understanding of the judicial system.'") (quoting *Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831, 838 (6th Cir. 2017)); *Mass. Inst. of Tech.*, 46 F.4th at 69 ("A judicial system replete with Does and Roes invites cynicism and undermines public confidence in the courts' work."); *see also Roe v. Does 1-11*, No. 20-CV-3788-MKB-SJB, 2020 WL 6152174, at *3 (E.D.N.Y. Oct. 14, 2020) ("Allowing a plaintiff to proceed anonymously may also hamper witnesses coming forward of their own volition to either bolster or refute a plaintiff's allegations.").

6

landed last week: this is not one of those few exceptional cases involving a real danger of physical harm.

Accordingly, Plaintiffs offer no basis to disturb the Court's prior *Order*. ECF No. 3, at 3–10.

## CONCLUSION

For the foregoing reasons, Plaintiffs, once again, have not shown that they face "real, imminent personal danger" sufficient to overcome the "public's interest in open court proceedings."[12] If Plaintiffs wish to proceed, they must do so in their true names.

Therefore, IT IS **HEREBY ORDERED** that Plaintiffs' *Renewed Request to Proceed Anonymously* (ECF No. 4) is **DENIED**. In accordance with this Court's prior *Order* (ECF No. 3, at 10), the Court grants Plaintiffs leave until **APRIL 20, 2023**, to file an amended complaint that substitutes Plaintiffs' real names.

IT IS **SO ORDERED**.

Dated this 14th day of April, 2023.

Alan B. Johnson
United States District Judge

---

[12] *See Femedeer*, 227 F.3d at 1246; *Sherman*, 339 F.R.D. at 206.