FILED
United States Court of Appeals
Tenth Circuit

June 12, 2024

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

JAYLYN WESTENBROEK; HANNAH HOLTMEIER; ALLISON COGHAN; GRACE CHOATE; MADELINE RAMAR; MEGAN KOSAR, on behalf of themselves and derivatively on behalf of KAPPA KAPPA GAMMA FRATERNITY,

    Plaintiffs - Appellants,

v.

KAPPA KAPPA GAMMA FRATERNITY, an Ohio non-profit corporation, as Nominal Defendant and as a Direct Defendant; MARY PAT ROONEY, President of the Fraternity Council of KAPPA KAPPA GAMMA FRATERNITY, in her official capacity; KAPPA KAPPA GAMMA BUILDING CO., a Wyoming non-profit corporation,

    Defendants - Appellees,

and

ARTEMIS LANGFORD,

    Defendant,

--------------------------------

WOMEN'S DECLARATION INTERNATIONAL USA; OVER 450 KAPPA KAPPA GAMMA ALUMNAE; WOMEN'S LIBERATION FRONT; NATIONAL PANHELLENIC CONFERENCE; NATHANIEL R. JONES

No. 23-8065
(D.C. No. 2:23-CV-00051-ABJ)
(D. Wyo.)

CENTER FOR RACE, GENDER AND SOCIAL JUSTICE; THE NATIONAL CENTER FOR TRANSGENDER EQUALITY; THE WOMANS CITY CLUB OF GREATER CINCINNATI; JIM OBERGEFELL; AMERICAN CIVIL LIBERTIES UNION OF OHIO FOUNDATION,

    Amici Curiae.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MURPHY**, and **FEDERICO**, Circuit Judges.
_____

Several aggrieved members of the University of Wyoming chapter of the sorority Kappa Kappa Gamma[1] ("Appellants") filed this lawsuit against the sorority and its president ("Appellees") over the proper interpretation of the sorority's governing documents. Specifically, Appellants allege that Appellees violated their fiduciary duties when, in 2015 and continuing to today, Kappa Kappa Gamma ("Kappa"), an Ohio non-profit corporation, began interpreting "women" to include

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Kappa Kappa Gamma's Charter and other governing documents routinely refer to Kappa Kappa Gamma ("Kappa") as a "Fraternity" because Kappa's founding "pre-dates, by thirty years, use of the word 'sorority' to refer to" women's Greek societies at colleges or universities. App. Vol. I at 9 n.1. The organization now routinely identifies as a sorority, and we adopt that nomenclature here.

"individuals who identify as women." App. Vol. 1 at 51, 263. Applying Ohio state case law that cautions against judicial interference into the internal affairs of voluntary associations like sororities, the district court dismissed Appellants' claims, but did so without prejudice. Appellants nevertheless filed this appeal challenging the district court's dismissal of their claims. Appellees moved to dismiss this appeal for lack of appellate jurisdiction. Because the district court has not issued a final order, we grant Appellees' motion and dismiss this appeal for lack of jurisdiction.

## I.     BACKGROUND

Appellants' operative First Amended Verified Complaint asserted four claims: Count I: a derivative claim for breach of fiduciary duty against Kappa President Mary Pat Rooney for "violat[ing] [her] dut[y] of loyalty, care, and obedience/compliance," App. Vol. I at 74; Count II: a breach of contract claim against Kappa Kappa Gamma Building Co.; Count III: a tortious interference with contract claim against Kappa and Ms. Rooney; and Count IV: a direct claim for breach of fiduciary duty against Kappa and Ms. Rooney based on the same fiduciary duty theory as Count I.[2] On June 20, 2023, Appellees moved to dismiss the complaint. As relevant to this appeal, Appellees argued (1) the district court could not exercise personal jurisdiction over Ms. Rooney, (2) the derivative claim was deficient for both procedural and substantive reasons, and (3) the direct claim should be dismissed for the same

---

[2] The First Amended Verified Complaint is not entirely clear as to which Appellees are sued under which counts, and the district court order and the parties' briefing differ at points in identifying the Appellees sued under each count. Given the limited purpose of this order, we need not resolve this dispute.

3

substantive reasons as its companion derivative claim, and further that it was subject to dismissal for failure to allege a distinct injury felt by Appellants rather than an injury that inured to all Kappa members.

On August 25, 2023, the district court granted the motion to dismiss in full, but without prejudice. Relevant to this appeal, the district court held:

1. personal jurisdiction over Ms. Rooney was proper;[3]

---

[3] Because we dismiss this appeal for lack of subject matter jurisdiction, we need not consider whether the district court also lacked personal jurisdiction over Ms. Rooney under Wyoming's fiduciary shield doctrine, which shields nonresident corporate agents from becoming subject to a court's jurisdiction based solely upon acts taken by them on behalf of the corporation. *See Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1527 (10th Cir. 1987) (predicting Wyoming would adopt the fiduciary shield doctrine and no-imputed-contacts rule, and explaining that under those rules, corporate defendants' contacts cannot be attributed to corporate officers (the no-imputed-contacts rule), and "[w]here the acts of individual principals of a corporation in the jurisdiction were carried out solely in the individuals' corporate or representative capacity, the corporate structure will ordinarily insulate the individuals from the court's jurisdiction" (the fiduciary shield doctrine)); *but see Newsome v. Gallacher*, 722 F.3d 1257, 1278–79 (10th Cir. 2013) (concluding that even if Oklahoma would follow the fiduciary shield doctrine, it would not apply under the facts of that case, and further questioning whether the doctrine would apply to a claim of breach of fiduciary duty).

In *Newsome*, we discussed how, in a prior decision, *Rusakiewicz v. Lowe*, we expressed concern over whether *Ten Mile* definitively addressed the fiduciary shield doctrine, or rather solely established the no-imputed-contacts rule. *See* 722 F.3d at 1277 (citing *Rusakiewicz v. Lowe,* 556 F.3d 1095, 1102 (10th Cir. 2009)). But as we explained in *Newsome*, *Rusakiewicz* concerned a question of whether personal jurisdiction existed in Utah over the defendants in that matter, and it never approached the issue as a matter of Utah state law, even though the fiduciary shield doctrine arises under state law. *See id.* at 1277–78 (citing *Rusakiewicz*, 556 F.3d at 1102–03). Later in *Newsome*, we clarified that "*Ten Mile*'s statement about the fiduciary shield must be confined to the doctrine as applied in Wyoming." *Id.* at 1278. Ultimately, the fiduciary shield doctrine is a creature of state law. *See id.* at 1275.

4

2. the derivative claim for breach of fiduciary duty was doomed because (a) Ohio law does not permit courts to interfere with the management and internal affairs of a voluntary association, and (b) the First Amendment did not permit the district court to "invade [Kappa's] freedom of expressive association," App. Vol. II at 99; and

3. the direct claim for breach of fiduciary duty did not state a claim because (a) Appellants did not allege any distinct injury they experienced or any special duty owed to them alone (rather than Kappa members writ large), and (b) there was no breach of fiduciary duty for the same reasons the district court dismissed the derivative claim.

The district court also dismissed Counts II and III (breach of contract and tortious interference with contract), but Appellants do not appeal the dismissals of those claims.[4]

Although Appellees had requested dismissal with prejudice, the district court dismissed the complaint without prejudice. The court explained Appellees had made no attempt to show that amendment of the complaint would be futile. And the district court included a footnote advising Appellants of the detail that would be needed to make a second amended complaint viable.

Rather than amending the complaint or seeking an order from the district court dismissing the complaint with prejudice, Appellants brought this appeal. In response,

---

[4] Artemis Langford also filed a motion to dismiss, which the district court denied as moot.

Appellees moved to dismiss the appeal for lack of appellate jurisdiction. In essence, Appellees argue that because the district court expressly denied their request to dismiss the claims *with prejudice*, and further because the district court offered guidance to Appellants regarding how to amend the complaint, there is no final, appealable order. Appellants respond that the district court's order is final and appealable because the court's legal conclusions "cannot [be] cure[d]" in an amended complaint. Appellants' Opp'n to Appellees' Mot. to Dismiss Appeal at 1.

We deferred ruling on the motion to dismiss the appeal to our plenary consideration. We now hold that we lack subject matter jurisdiction over this appeal due to the absence of a final order by the district court. Accordingly, we dismiss the appeal.

## II.   DISCUSSION

Except in limited circumstances that are not present here, this court's appellate jurisdiction is limited to review of final decisions. *See* 28 U.S.C. § 1291; *United States v. Nixon*, 418 U.S. 683, 690 (1974) ("The finality requirement of 28 U.S.C. § 1291 embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals."); *Albright v. UNUM Life Ins. Co. of Am.*, 59 F.3d 1089, 1092 (10th Cir. 1995) ("Under § 1291, we have jurisdiction only over 'final' decisions of the district court—that is, those decisions that 'leave[] nothing for the court to do but execute the judgment.'" (alteration in original) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945))).

6

This court has endorsed a "'practical' approach to finality" where a district court's dismissal order is "ambiguous in ways that undermine any clear determination of finality." *Moya v. Schollenbarger*, 465 F.3d 444, 450 (10th Cir. 2006) (quoting 15A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3914.6 (3d ed.)). However, "when the dismissal order expressly *grants* the plaintiff leave to amend, that conclusively shows that the district court intended only to dismiss the complaint; the dismissal is thus not a final decision" and accordingly is not appealable. *Id.* at 451.

Here, although the district court did not expressly grant leave to amend, there is no ambiguity regarding the court's intent. First, the district court provided guidance in its dismissal order explaining how Appellants could properly plead their claims in a future second amended complaint. Second, the district court expressly denied Appellees' request for an order dismissing the claims with prejudice. Third, the district court highlighted the absence of any discussion in the motion to dismiss about whether amendment would be futile. Under these circumstances, the order "clearly shows that the district court did not consider its . . . order to be a final order disposing of the entire action." *Trotter v. Regents of Univ. of N.M.*, 219 F.3d 1179, 1183 (10th Cir. 2000). "Consequently, we need not look beyond the text of the district court's order to determine its intent." *Pauly v. Vasquez*, 690 F. App'x 626, 628 (10th Cir. 2017) (unpublished).

This court has endorsed a process for appealing an otherwise non-final dismissal of a complaint, explaining that "where a district court dismisses but grants

7

leave to amend, the plaintiff may notify the district court of his or her decision to stand on the original complaint and, once a final order or judgment is entered, appeal the grounds for dismissal." *Moya*, 465 F.3d at 451 n.9. Because Appellants did not avail themselves of this process, we cannot conclude that this court has jurisdiction over this matter. In the district court, Appellants may stand on their existing complaint and seek a dismissal with prejudice so that they may perfect an appeal, or they may amend the complaint and pursue further proceedings in the district court.

### III.   CONCLUSION

We GRANT Appellees' motion and DISMISS this appeal for lack of appellate jurisdiction.

> Entered for the Court
>
> Carolyn B. McHugh
> Circuit Judge

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

| | |
|---|---|
| Christopher M. Wolpert<br>Clerk of Court | Jane K. Castro<br>Chief Deputy Clerk |

June 12, 2024

Mr. John G. Knepper
Law Office of John G. Knepper
P.O. Box 1512
Cheyenne, WY 82003

Mrs. Sylvia May Mailman
20550 Byron Road
Shaker Heights, OH 44122

Mr. Gene C. Schaerr
Mrs. Cristina Martinez Squiers
Schaerr Jaffe
1717 K Street NW, Suite 900
Washington, DC 20006

RE: **23-8065, Westenbroek, et al v. Kappa Kappa Gamma, et al**
Dist/Ag docket: 2:23-CV-00051-ABJ

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40(a)(1), any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 3900 words or 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

                                                Sincerely,

                                                Christopher M. Wolpert
                                                Clerk of Court

cc:      Rachel Berkness
          Lauren Adams Bone
          Jayce Born
          Raymond K. Bryant
          Kara Dansky
          Brian W. Dressel
          Alphonse A. Gerhardstein
          Robert Stanton Jones
          Scott P. Klosterman
          Nicole Masiello
          Natalie Marie Mclaughlin
          Emmett Robinson

CMW/sds