No. 23-8065

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

JAYLYN WESTENBROEK; HANNAH HOLTMEIER; ALLISON COGHAN; GRACE CHOATE; MADELINE RAMAR; AND MEGAN KOSAR, ON BEHALF OF THEMSELVES AND DERIVATIVELY ON BEHALF OF KAPPA KAPPA GAMMA FRATERNITY,

*Plaintiffs-Appellants*,

v.

KAPPA KAPPA GAMMA FRATERNITY, AN OHIO NON-PROFIT CORPORATION AS NOMINAL DEFENDANT AND AS A DIRECT DEFENDANT; MARY PAT ROONEY, PRESIDENT OF THE FRATERNITY COUNCIL OF KAPPA KAPPA GAMMA FRATERNITY, IN HER OFFICIAL CAPACITY; AND KAPPA KAPPA GAMMA BUILDING CO., A WYOMING NON-PROFIT CORPORATION,

*Defendants-Appellees*,

ARTEMIS LANGFORD,

*Defendant*.

On Appeal from the United States District Court for the District of Wyoming
No. 2:23-CV-00051-ABJ, Hon. Alan B. Johnson

**PLAINTIFFS-APPELLANTS' OPPOSITION TO APPELLEES' MOTION TO DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION**

GENE C. SCHAERR
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
gschaerr@schaerr-jaffe.com

SYLVIA MAY MAILMAN
INDEPENDENT WOMEN'S LAW CENTER
1802 Vernon Street NW, Suite 1027
Washington, DC 20009
Telephone: (202) 807-9986
s.maymailman@gmail.com

JOHN KNEPPER
LAW OFFICE OF JOHN G. KNEPPER, LLC
P.O. Box 1512
Cheyenne, WY 82003
Telephone: (307) 632-2842
John@KnepperLLC.com

CASSIE CRAVEN
LONGHORN LAW LLC
109 East 17th Street, Suite 223
Cheyenne, WY 82001
Telephone: (307) 823-3062
cassie@longhornlawllc.com

*Counsel for Plaintiffs-Appellants*

## SUMMARY OF THE ARGUMENT

The decision of the district court is final and appealable because it dismisses all of Plaintiffs' claims and does so on legal grounds that Plaintiffs cannot cure with an amended complaint. *Moya v. Schollenbarger*, 465 F.3d 444, 448 (10th Cir. 2006). Unlike the precedent on which Defendants rely, *Eastom v. City of Tulsa*, 783 F.3d 1181 (10th Cir. 2015), this is not a case in which claims remain against any party to the litigation. The principles of finality and justice driving the final-decision requirement also support appeal, as all of Plaintiffs' claims have been extinguished against all Defendants, and Plaintiffs are unable to access federal court except through appellate review of the district court's legal determinations.

## BACKGROUND

Kappa Kappa Gamma ("Kappa") is a sorority founded in 1870. First Am. Verified Member Derivative Compl. for Breach of Fiduciary Duties ("FAC") at 12, ECF No. 6.[1] Kappa was founded in order to bring the benefits of exclusively male Greek letter fraternities to women. Since its founding, Kappa has provided a self-described "single-sex haven" in the largely co-ed environment of college campuses.

---

[1] Citations to "ROA" refer to Doc. 1, the Record on Appeal transmitted by the District Court on September 26, 2023.

FAC at 12, 15. Kappa's bylaws provide that a "new member shall be a woman." FAC at 23.

In Fall 2022, however, the Gamma Omicron chapter of Kappa, located at the University of Wyoming, initiated a male-born individual. Plaintiffs—current members and recent graduates of the Wyoming chapter—brought suit on their own behalf and derivatively on behalf of Kappa. FAC at 64. Plaintiffs allege this dissolution of the female-only environment, orchestrated by Defendant Rooney, violates the sorority's bylaws. Defendants moved to dismiss Plaintiffs' "claims in their entirety," identifying the "central issue in this case" as whether "Plaintiffs have a legal right to be in a sorority that excludes" male-born individuals. Mem. In Support of Defs. Kappa [et al.]s' Mot. to Dismiss ("MTD") at 2, ECF No. 20 (emphasis omitted). Defendants argued that Plaintiffs do not have such a right because Kappa's bylaws do not create a "restrictive definition of the term 'woman.'" MTD at 13. The district court agreed and granted Defendants' motion to dismiss. Order Granting Defs.' Mot. to Dismiss (ECF No. 19), Dismissing, Without Prejudice, Pls.' First Am. Verified Member Derivative Compl. for Breach of Fiduciary Duties (ECF No. 6), and Dismissing as Moot Def. Artemis Langford's Mot. to Dismiss (ECF No. 2) ("Order") (ROA 14–54). The court made clear that the "gravamen" of Plaintiffs' lawsuit is whether Kappa's bylaws, in limiting membership to women, exclude male-born individuals. Order at 26 (ROA 39). And

the court concluded that Kappa's bylaws do not "define[] 'woman' the way [Plaintiffs] wish." Order at 31 (ROA 44). The district court then dismissed all of Plaintiffs' claims, leaving no ongoing claims, counterclaims, motions, or other business before the court. Noting that Defendants failed to articulate their need for dismissal with prejudice, the district court dismissed the claims without prejudice. Order at 40 (ROA 53).

## ARGUMENT

1.      This Court has jurisdiction over the district court's conclusive determination that eliminates Plaintiffs' access to federal court. Courts of appeals have jurisdiction over "appeals from … final decisions of the district courts." 28 U.S.C. § 1291. Dismissal of a complaint without prejudice does not mean the decision is "non-final under section 1291." *Moya*, 465 F.3d at 448. For example, where "the district court's grounds for dismissal are such that the defect cannot be cured through an amendment to the complaint, that dismissal (even if it is ambiguous or nominally of the complaint) is for practical purposes of the entire action and therefore final." *Id.* at 450–51. "'[T]he requirement of finality imposed by section 1291 is to be given a practical rather than a technical construction.'" *Id.* at 449 (quoting *Sherman v. Am. Fed'n of Musicians,* 588 F.2d 1313, 1315 (10th Cir. 1978)); *see also Microsoft Corp. v. Baker*, 582 U.S. 23, 37 (2017). Under these settled principles, the district court's decision in this case is final.

3

Specifically, Plaintiffs cannot cure the defects the district court believed present in the First Amended Complaint through an amendment; the opinion below makes this plain. The district court correctly observed that the "gravamen of Plaintiffs' lawsuit" is whether the term "woman," as used in Kappa's governing documents, includes male-born individuals. Order at 26 (ROA 39). In ruling against Plaintiffs, the court concluded that "Plaintiffs *cannot* point the Court to the bylaw that defines 'woman' the way they wish." Order at 31 (ROA 44) (emphasis added). This is true—no superfluous bylaw defining "woman" exists, and no reiterations of the complaint could create it. The district court also ruled that Defendants' decision to admit male-born members was "speech which th[e] Court may not impinge." Order at 30 (ROA 43). These conclusions guided every aspect of the court's order. *See id.* at 38 (ROA 51) (relying on analysis from this section of the opinion). In addition, despite Plaintiffs' allegations that admission of a male-born student into the sorority injured them personally and distinctly,[2] the district court held that "any" injury caused by that admission "inured to all KKG [Kappa] members alike" and that the student's "behavior at the UW chapter house has no bearing on Plaintiffs'

---

[2] *See*, *e.g.*, FAC at 60–61, 69 (describing the male-born student's "inappropriate and threatening" behavior toward Plaintiffs in the sorority house, including watching a Plaintiff change clothes, asking intimate questions about Plaintiffs' anatomy and sex, and taking pictures of Kappa members without their knowledge).

4

legal claims." Order at 39, 40 n.68 (ROA 52, 53). None of those rulings identifies a defect Plaintiffs could cure with an amendment.

Defendants share this understanding of the district court's order. Defendants' official statement regarding the suit explains that the district court "dismissed litigation" against Kappa Kappa Gamma. Press Release, Kappa Kappa Gamma, Federal Judge in Wyoming Dismisses Litigation (Aug. 29, 2023), https://www.kappakappagamma.org/stay-connected/news/2023/federal-judge-in-wyoming-dismisses-litigation/. "In dismissing the case against Kappa," the Press Release explains, "the judge ruled the plaintiffs in this case failed to state any plausible claim." *Id*. The website provides a link to the district court's order "dismissing the plaintiffs' lawsuit." *Id*.

Without the availability of appeal, therefore, Plaintiffs are unable to seek review of the district court's erroneous legal conclusion that the term "woman" as used in Kappa's governing documents now requires further bylaw definition to exclude male-born individuals. Ultimately, "[t]he critical determination as to whether an order is final is whether plaintiff has been effectively excluded from federal court under the present circumstances." *Amazon, Inc. v. Dirt Camp, Inc.,* 273 F.3d 1271, 1275 (10th Cir. 2001) (internal alterations omitted) (quoting *Facteau v. Sullivan,* 843 F.2d 1318, 1319 (10th Cir. 1988)). Plaintiffs, unable to draft a

5

complaint identifying a bylaw that does not exist, have been so excluded, and this Court has appellate jurisdiction.

2. Defendants' entire argument rests on *Eastom v. City of Tulsa*, 783 F.3d 1181 (10th Cir. 2015) ("*Eastom II*"), and its progeny, a line of cases governing voluntary dismissal that bear no resemblance to the circumstances here. *See* Appellees' Mot. to Dismiss Appeal for Lack of Appellate Jurisdiction ("Mot.") 3–4. In *Eastom*, the plaintiff, whose drug convictions were set aside after findings of official wrongdoing, brought federal and state claims against officials involved in the search of his home. *Eastom v. City of Tulsa*, 563 F. App'x 595, 595 (10th Cir. 2014) ("*Eastom I*"). While claims against certain officials were dismissed with prejudice, one official filed for bankruptcy and the claim against him was automatically stayed. *Eastom II*, 783 F.3d at 1182. The plaintiff attempted to voluntarily dismiss his claim against the bankrupt official and appeal the entire case. *Id.* at 1183. This Court dismissed for lack of jurisdiction given the line of cases holding that parties may not manufacture appellate jurisdiction by seeking voluntary dismissal of certain claims. *Id*. at 1184; *see also Tri Cnty. Tel. Ass'n, Inc. v. Campbell*, No. 20-8053, 2021 WL 4447909, at *7 (10th Cir. June 16, 2021) (unpublished) (citing *Heimann v. Snead*, 133 F.3d 767, 769 (10th Cir. 1998) (per curiam)); *Cook v. Rocky Mountain Bank Note Co.,* 974 F.2d 147, 148 (10th Cir. 1992) ("[W]hen a plaintiff voluntarily requests dismissal of her remaining claims

6

without prejudice in order to appeal from an order that dismisses another claim with prejudice ... the order is not 'final' for purposes of § 1291.").

This all makes good sense—federal courts of appeals should avoid "piecemeal appellate disposition" of single controversies, even if those controversies contain multiple parties or claims. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 (1974). The *Eastom* court avoided reviewing dismissal against a handful of defendants only to re-litigate the case months later with a final defendant.

Here, by contrast, Kappa's motion to dismiss requested the district court "dismiss Plaintiffs' claims in their entirety." MTD at 3. And the district court granted Kappa's motion. Order at 40 (ROA 53). Unlike in *Eastom*, Plaintiffs do not attempt to jettison claims or defendants to facilitate federal review. Instead, "[t]here was nothing pending before the district court after it issued that order." *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 995 (10th Cir. 2021). Permitting appeal here would not "lead to piecemeal appeals," nor would litigation be "interrupted and delayed." *Id*. Moreover, delaying Plaintiffs' right to appeal "may be irreparable." *Id*. Plaintiffs and Kappa women across the nation are unable to benefit from the female-only space they signed up for without review of the district court's refutation of their case. Plaintiffs bring this appeal because they must.

3. Finally, in lieu of applicable legal argument, Defendants copy-and-paste the district court's footnote 67 (Mot. 4), which echoes a theme throughout the court's

order criticizing the First Amended Complaint as "well-researched, yet meandering." Order at 3 n.1 (ROA 16). This footnote does not suggest—indeed, based on the district court's legal analysis, could not suggest—any amendment that could bring Plaintiffs' case to life. Nor does the footnote guarantee that Plaintiffs would be permitted to amend if they sought to engage in that futile endeavor. On the contrary, the district court merely discussed what might happen "*if*" plaintiffs were allowed to amend. *Id.* at 40 n.67 (ROA 53) (emphasis added). As the rest of the order makes clear, however, no amendment could cure the legal grounds for dismissal on which the district court relied.

## CONCLUSION

Because the district court's determination disposing of Plaintiffs' case is final, this Court has jurisdiction.

<table>
<tr><td>Dated: October 23, 2023</td><td>Respectfully submitted,<br><br>/s/ Sylvia May Mailman<br>SYLVIA MAY MAILMAN<br>INDEPENDENT WOMEN'S LAW CENTER<br>1802 Vernon Street NW, Suite 1027<br>Washington, DC 20009<br>Telephone: (202) 807-9986<br>s.maymailman@gmail.com<br><br>GENE C. SCHAERR<br>SCHAERR | JAFFE LLP<br>1717 K Street NW, Suite 900<br>Washington, DC 20006<br>Telephone: (202) 787-1060<br>gschaerr@schaerr-jaffe.com<br><br>CASSIE CRAVEN<br>LONGHORN LAW LLC<br>109 East 17th Street, Suite 223<br>Cheyenne, WY 82001<br>Telephone: (307) 823-3062<br>cassie@longhornlawllc.com<br><br>JOHN G. KNEPPER<br>LAW OFFICE OF JOHN G. KNEPPER, LLC<br>P.O. Box 1512<br>Cheyenne, WY 82003<br>Telephone: (307) 632-2842<br>John@KnepperLLC.com<br><br>*Counsel for Plaintiffs-Appellants*</td></tr>
</table>

## CERTIFICATE OF COMPLIANCE

In accordance with Federal Rule of Appellate Procedure 32(g), I certify that this document:

(i) complies with the type-volume limitation of Federal Rules of Appellate Procedure 27(d)(2) because, excluding those portions exempted by Fed. R. App. P. 32(f), it contains 1,744 words, as determined by the word counting feature of Microsoft Word; and

(ii) complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) and 10th Circuit Rule 32(A) because it has been prepared in a proportionally spaced typeface using Microsoft 365, in Times New Roman 14-point font.

Dated: October 23, 2023

*/s/ Sylvia May Mailman*
Sylvia May Mailman

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

(1)    all required privacy redactions have been made per 10th Cir. R. 25.5;

(2)    if required to file additional hard copies, that the ECF submission is an exact copy of that document;

(3)    the digital submission has been scanned for viruses with the most recent version of a commercial virus scanning program, McAfee LifeSafe, version 1.11.279, most recently updated on October 18, 2023, and according to the program is free of viruses.

Dated: October 23, 2023

*/s/ Sylvia May Mailman*
Sylvia May Mailman
