UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| JAYLYN WESTENBROEK, et al., on behalf of themselves and derivatively on behalf of KAPPA KAPPA GAMMA FRATERNITY, )<br>)<br>)<br>)<br>) | |
| Plaintiffs, ) | CASE NO. 2:23-cv-00051-ABJ |
| v. )<br>) | |
| KAPPA KAPPA GAMMA FRATERNITY, )<br>et al., )<br>) | |
| Defendants. ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO RULE 60(B)(6) MOTION FOR THE COURT TO SET A DEADLINE FOR PLAINTIFFS TO AMEND COMPLAINT OR ELSE HAVE DISMISSAL CONVERTED TO DISMISSAL WITH PREJUDICE**

On August 24, 2023, this Court dismissed the Westenbroek Plaintiffs' complaint without prejudice. (Dkt. No. 31 at 41). Kappa Kappa Gamma Fraternity now asks this Court to alter this judgment to direct the Plaintiffs to either amend their complaint within 21 days or else the Complaint will be dismissed with prejudice.

Kappa's motion does not identify a source for this Court's authority to grant its motion. Under the Federal Rules of Civil Procedure, only Rule 60(b)(6) provides this Court with authority to alter a prior judgment at this time. Such relief is strictly limited, however, and Kappa's motion does not identify any extraordinary circumstances such hat "it offends justice to deny" its requested order. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1232 (10th Cir. 1999). Kappa's motion should be denied.

**BACKGROUND**

Following this Court's dismissal of the Westenbroek complaint, Kappa Kappa Gamma punished several Kappa alumnae who had supported the Plaintiffs. As alleged in the Levang

complaint, Kappa revoked the lifetime membership of women who had devoted years of service to the organization and defamed them. *See* Dkt. No. 47-6 (Complaint, *Levang v. Kappa Kappa Gamma*, No. 2:24-cv-00316 (filed S.D. Ohio Jan. 25, 2024). The Levang Plaintiffs brought suit in Ohio, where Kappa is incorporated as a non-profit corporation, to remedy the harms done to them.

In Ohio, Kappa asserted that this Court's dismissal of the Westenbroek complaint acts as res judicata or, alternatively, collateral estoppel, barring the Levang Plaintiffs from seeking relief. This is, of course, false, as a dismissal without prejudice has no preclusive effect. Now, rather than litigate the merits of the Ohio claim, the Kappa Defendants seek to revive the Westenbroek complaint and infuse it with preclusive effect to avoid the Levang suit.

Admittedly, the Westenbroek plaintiffs appealed this Court's order to the Tenth Circuit, arguing that the order should be treated as a final, appealable order. In early October 2023, Kappa filed a motion to dismiss the appeal, arguing this court's order was not final and the court of appeals lacked jurisdiction. *See* Appellees' Motion to Dismiss, No. 23-8065 (filed Oct. 9, 2023). The Tenth Circuit agreed. *Westenbroek v. Kappa Kappa Gamma Fraternity*, 2024 U.S. App. LEXIS 14237 (10th Cir. June 12, 2024) (dismissing appeal). The Westenbroek plaintiffs are bound by this decision.

Contrary to Kappa's assertion, however, the Westenbroek case does not "remain pending," Motion to Set Deadline at 2 (Dkt. No. 47-1 at 2). This Court has issued its judgment, and the case has been dismissed. Defendants must identify authority for this Court to reopen its prior judgment and amend it in their favor.

## JURISDICTION

Kappa's motion provides little discussion of the authority for its requested order. This case has been dismissed. The Federal Rules of Civil Procedure do not allow Defendants to revive the Westenbroek litigation just because they would prefer to litigate the complexities of Ohio corporate law in Wyoming rather than in their home state of Ohio.

Until two weeks ago, there was no authority at all to reopen this Court's order. On February 26, 2025, however, the Supreme Court reversed the Tenth Circuit and held that "Rule 60(b) permits a district court to reopen a case that was voluntarily dismissed without prejudice under Rule 41(a)." *Waetzig v. Halliburton Energy Servs.*, ___ S.Ct. ___, 2025 U.S. LEXIS 868, at *4 (Feb. 26, 2025). The Supreme Court's mandate has not yet issued, but its views on jurisdiction are clear. *Waetzig* holds that a voluntary dismissal under Rule 41(a) "counts as a 'final judgment, order, or proceeding,'" under Rule 60(b). If this is true, then this Court's August 2023 order is also sufficiently final for a Rule 60(b) motion.

## ARGUMENT

Rule 60(b)(6) is the only authority for this Court to amend its prior order. Kappa has not presented extraordinary, equitable concerns that merit the order's revision.

**I.    This Court can amend its prior judgment only if it has legal authority to do so under the Federal Rules of Civil Procedure.**

As Magistrate Judge Garza noted in the U.S. District Court for New Mexico, there is no default rule that "if a plaintiff's claims are dismissed without prejudice, the plaintiff is given leave to amend the complaint, and the plaintiff does not do so, a dismissal without prejudice becomes

one with prejudice." *Clark v. UnitedHealth Grp., Inc.*, 2018 U.S. Dist. LEXIS 37416, at *7 (D.N.M. Mar. 6, 2018).

Kappa cites three district court cases for the proposition that a court can impose a deadline on a plaintiff to amend its complaint. *See Memorandum in Support of Motion* at 8-9 (Dkt. No. 47-1 at 8-9). Each of these cases, however, establishes only that a court can impose conditions on a dismissal without prejudice *at the time it issues the order. Id.* None of the cases identify any inherent authority for a district court to amend an order of dismissal. Rule 60(b) itself, with its restrictions, is the expression of a court's inherent judicial power. *Plaut v. Spendthrift Farm*, 514 U.S. 211, 235 (1995).

Kappa also argues that two court of appeals authorize the relief it seeks, but neither case identifies any authority outside of Rule 59 or Rule 60. In *Hogan v. Pilgrim's Pride Corp.*, Defendants objected that the district court's dismissal without prejudice, which did not set a deadline to amend, unfairly created a "long delay until their entitlement to repose." 73 F.4th 1150, 1161 (10th Cir. 2023). The Tenth Circuit stated the Defendants "could have requested the court to impose a deadline." *Id.* This is the extent of the Court's discussion of the issue. There is nothing in *Hogan* to suggest that the Tench Circuit had identified inherent authority to modify prior judicial orders outside of the Federal Rules of Civil Procedure.

*Britt v. DeJoy*, a case cited both by *Hogan* and partially quoted by Kappa in its memorandum, is even more clear about the authority for modification. Kappa summarizes the *Britt* holding in a parenthetical: "[l]itigants on either side have the option of filing a motion requesting that the district court provide a specific deadline by which the plaintiff must amend her complaint."

*See* Dkt No. 47-1 at 9. The actual Fourth Circuit statement, however, is clear that such a request is governed by the rules of civil procedure. The Fourth Circuit said: "Litigants on either side have the option of filing a motion requesting that the district court provide a specific deadline by which the plaintiff must amend her complaint. *See* **Fed. R. Civ. P. 59**." *Britt v. Dejoy*, 45 F.4th 790, 798 (4th Cir. 2022) (en banc) (emphasis added).

If Kappa disagreed with this Court's ruling and wanted to set a deadline for an amended complaint, Kappa could have asked to alter or amend the judgment under Rule 59(e), as the Fourth Circuit suggested. Such a request, however, must be made within 28 days after entry of judgment, and Kappa is long past that deadline. This Court dismissed the Westenbroek complaint on August 25, 2023. If this is the date of entry of judgment, then the last day for a Rule 59(e) motion was September 22, 2023.[*]

An untimely motion to alter or amend a court's judgment must be made as a Rule 60(b) motion. *Brown v. Allstate Ins. Co.*, 2003 U.S. Dist. LEXIS 30344, at *2 (D.N.M. Jan. 8, 2003) (considering an untimely request to change dismissal without prejudice to dismissal with prejudice).

---

[*] Kappa has not made this argument, but one could argue that this Court's dismissal without prejudice was not an "entry of judgment" because the Court did not issue a "separate document" as required by Rule 58. This does not mean, however, that the Court has *never* entered a judgment that triggers the deadline to amend under Rule 59. Under Rule 58(e), judgment is automatically entered 150 days after the Court's ruling, which would have been on January 22, 2024. Under this logic, the last date to file to alter the judgment was February 19, 2024.

## II. Kappa has not identified "extraordinary circumstances" that merit alteration of this Court's earlier order.

Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

Kappa does not provide any such basis for the order it seeks. Kappa has not identified any mistake, newly discovered evidence, fraud, a void judgment, or satisfaction of a prior judgment that would permit relief under the first five subsections of Rule 60. Fed. R. Civ. P. 60(b)(1)-(5). The only basis this Court could cite to amend its prior judgment is the catchall provision that permits vacatur or modification of an order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Such relief is **"**even more difficult to attain [than relief under the other provisions of Rule 60(b)] and is only appropriate 'when it offends justice to deny such relief.'" *Yapp v. Excel Corp.*, 186 F.3d 1222, 1232 (10th Cir. 1999) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996)).

Kappa's motion is simply a desire to create preclusive effect where there is currently none. Implementation of a litigation strategy is not a basis for extraordinary relief, especially with the complexities present here.

First, it is not clear that this Court's decision on an amended Westenbroek complaint would remain the same. This Court held that the Supreme Court's decision in *BSA v. Dale* means that the First Amendment prevents this court from interfering in "the internal decision-making of a private organization, including the criteria governing that entity's membership." *Westenbroek*, 2023 U.S. Dist. LEXIS 152458, at *32. But since this decision, the U.S. Supreme Court considered whether restrictions on corporate ownership—*i.e.*, who is permitted to make decisions for a private for-

profit organization—raise First Amendment concerns. *TikTok Inc. v. Garland*, 604 U.S. ___, 220 L.Ed.2d 319, 328 (2025) (per curiam). The Supreme Court says it is not aware of "any case in which this Court has treated a regulation of corporate control as a *direct* regulation of expressive activity or semi-expressive conduct" protected by the First Amendment. *Id.* This survey presumably includes *Dale*. This is not to say that the *TikTok* ruling *requires* a different result if the Westenbroek plaintiffs refile, only that this Court's future ruling less certain than it might seem.

Also, the application of *res judicata* is not obvious, even if this Court were to dismiss the Westenbroek complaint with prejudice. With the exception of Kappa's president, Ms. Rooney, and Kappa itself, the parties in the two lawsuits are entirely different. In addition, the Levang Plaintiffs have named, and seek damages and equitable relief from, each member of Fraternity Council for breaches of fiduciary duty, ultra vires acts, fraud and civil conspiracy.

Turning to the concept of collateral estoppel, or issue preclusion, the fact or issue sought to be barred must have been actually and directly litigated and determined by a court of competent jurisdiction. Issue preclusion does not apply to matters that might have been litigated but were not. Kappa's argument on collateral estoppel is that this Court's decision that it could not interfere with Kappa's interpretation of its own bylaws resolves only one presented by both cases. While the definition of the term "woman" is relevant to the background, context and certain events giving rise to the Levang lawsuit, the Levang suit will not be decided based just on whether Kappa's leaders could unilaterally define that term. The Levang plaintiffs also challenge the scope of the Kappa Board's authority and its obligations to be transparent with, and make necessary disclosures to, the organization's members; the Board's obligation to grant members an

opportunity to be heard—without retaliation—on matters affecting the fundamental nature of the organization; and the Board's obligation to ensure that at all times that the Board's decisions are for the benefit of the organization.

Ultimately, Kappa's argument is that this Court should grant its motion because the Westenbroek plaintiffs are "strategically delaying" the filing of a second amended complaint, implying this delay reflects forum shopping. The Westenbroek plaintiffs, however, have much to consider when deciding whether to pursue their claim in this forum at this time.

First, while the Levang Plaintiffs have had their litigation transferred to this Court, it is unclear whether that *sua sponte* transfer order will be sustained by the Sixth Circuit. The Ohio federal court did not seek the views of the parties before ordering transfer. In the Tenth Circuit, such an order would be reviewed and reversed through a petition for a writ of mandamus like the one filed by the Levang Plaintiffs. *Hustler Magazine, Inc. v. United States Dist. Court*, 790 F.2d 69, 71 (10th Cir. 1986) (J. McKay, concurring) ("Mandamus review has been approved … when a change of venue is ordered without argument or opportunity for a hearing….").

Second, the citizenship of Artemis Langford raises complexities for this Court's jurisdiction that are not present in the Levang case. This Court has not yet ruled whether Langford is a Wyoming citizen and whether he is a necessary party. *Westenbroek*, 2023 U.S. Dist. LEXIS 152458, at *44 n.68. In the Westenbroek Complaint, several Wyoming residents are identified as "non-party witnesses" because they cannot be plaintiffs without eliminating complete diversity. *See*, *e.g.*, Dkt. No. 6 at 47-48, ¶ 111.

Finally, this Court's in personam jurisdiction over Kappa and its President, Mary Pat Rooney, depends on specific jurisdiction. *Westenbroek v. Kappa Kappa Gamma Fraternity*, 2023 U.S. Dist. LEXIS 152458, at *20-21 (D. Wyo. Aug. 25, 2023). Kappa has not conceded such jurisdiction exists, so this is a potential issue for appeal. Further, none of the Defendants in the Levang litigation has consented to jurisdiction in Wyoming for the claims against them. In contrast, Kappa is an Ohio non-profit corporation, so it is subject to general jurisdiction for all claims brought in that forum. *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 358-59 (2021).

Plaintiffs are under no obligation to resolve these questions now. There is certainly no extraordinary reason to demand they do so.

## CONCLUSION

The Court should deny Kappa's motion.

Dated this 14th day of March, 2025.

Respectfully submitted,

/s/ Cassie Craven
Cassie Craven
Wyoming Bar No. 7-5664
Longhorn Law Limited Liability Company
109 E. 17th St., Suite 11
Cheyenne, Wyoming 82001
307-823-3062
cassie@longhornlawllc.com

/s/ John Knepper
John Knepper
Wyoming Bar No. 7-4608
Law Office of John G. Knepper, LLC
P.O. Box 1512
Cheyenne, Wyoming 82003
307-632-2842
John@KnepperLLC.com

## CERTIFICATE OF SERVICE

John G. Knepper, an attorney, hereby certifies that on the 14th day of March, 2025, he caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon all counsel of record.

/s/ John G. Knepper