

FILED

3:42 pm, 5/9/25

Margaret Botkins
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

JAYLYN WESTENBROEK, HANNAH
HOLTMEIER, ALLISON COGHAN,
GRACE CHOATE, MADELINE
RAMAR, and MEGAN KOSAR, on
behalf of themselves and derivatively on
behalf of KAPPA KAPPA GAMMA
FRATERNITY,

              Plaintiffs,

VS.

KAPPA KAPPA GAMMA
FRATERNITY, an Ohio non-profit
corporation, as a Nominal Defendant and
as a Direct Defendant; MARY PAT
ROONEY, President of the Fraternity
Council of KAPPA KAPPA GAMMA
FRATERNITY, in her official capacity;
KAPPA KAPPA GAMMA BUILDING
CO., a Wyoming non-profit corporation;
and ARTEMIS LANGFORD,

              Defendant,

Case No.  2:23-CV-51

---

### ORDER GRANTING DEFENDANTS' MOTION FOR DEADLINE FOR PLAINTIFFS TO AMEND COMPLAINT (ECF No. 47)

THIS MATTER comes before us on Defendants' *Motion for Deadline for*

*Plaintiffs to Amend Complaint* (ECF No. 47), which they filed on February 28, 2025.

Plaintiffs responded in opposition (ECF No. 50) on March 14th, and Defendants replied

(ECF No. 52) seven days later. Upon a thorough investigation of the procedural

1

background of this case, we find that Defendants' *Motion* is best construed as a Rule 59(e) motion. We also find that the grounds for granting it are met: Plaintiffs would otherwise have a seemingly unlimited amount of time to amend this claim, defying Wyoming's statute of limitations for breaches of contract. We therefore **GRANT** Defendants' *Motion* and allow Plaintiffs thirty days to file an amended complaint.

## BACKGROUND

The matter before us concerns a lawsuit that was filed in March of 2023 by six women against their sorority[1] and against Artemis Langford, a member of that sorority who had been admitted through normal procedures the previous fall. *Westenbroek v. Fraternity*, No. 23-CV-51-ABJ, 2023 WL 5533307, at *1 (D. Wyo. Aug. 25, 2023). Plaintiffs, upset by the fact that Ms. Langford is transgender, asked this Court to void her admission, find that the President of Kappa Kappa Gamma (KKG) violated her fiduciary obligations to the sorority, and prevent other transgender women from joining the sorority nationwide. *Id.* We dismissed the complaint without prejudice in August of 2023, holding, *inter alia*, that KKG's freedom of expressive association allows it to interpret the word "woman" in its bylaws however it wishes. *Id.*

In June of 2024, Plaintiffs' appeal to the Tenth Circuit was also dismissed, on the grounds that our dismissal without prejudice was not a final judgment because we implicitly gave Plaintiffs leave to amend. *Westenbroek v. Kappa Kappa Gamma*

---

[1] As mentioned in our earlier orders, KKG considers itself a "fraternity" in its governing documents. E.g., ECF No. 6-1 at 5. However, emulating Plaintiffs and our national discourse, the Court refers to KKG as a "sorority".

*Fraternity*, No. 23-8065, 2024 WL 2954705, at *3 (10th Cir. June 12, 2024). The Tenth

Circuit clarified:

> This court has endorsed a process for appealing an otherwise non-final
> dismissal of a complaint, explaining that "where a district court dismisses but
> grants leave to amend, the plaintiff may notify the district court of his or her
> decision to stand on the original complaint and, once a final order or
> judgment is entered, appeal the grounds for dismissal." *Moya* [*v.
> Schollenbarger*], 465 F.3d [444] at 451 n.9 [(10th Cir. 2006)]. Because
> Appellants did not avail themselves of this process, we cannot conclude that
> this court has jurisdiction over this matter. In the district court, Appellants
> may stand on their existing complaint and seek a dismissal with prejudice so
> that they may perfect an appeal, or they may amend the complaint and pursue
> further proceedings in the district court.

*Id.* at *4.

Despite these instructions, Plaintiffs have taken no action: more than nine months

after the Tenth Circuit issued its decision, they have neither amended their complaint nor

notified us of their decision to "stand on the original complaint," which would allow

them to receive a final judgment that could be appealed.

Defendants, hoping for some form of resolution, have petitioned this Court to set a

deadline for Plaintiffs to amend their complaint. ECF No. 47. Plaintiffs argue that such a

motion can only be construed as a Rule 60(b) motion, which requires a burden that

Defendants have not met. ECF No. 50 at 1. We consider these arguments in deciding how

to move this case towards resolution.

## RELEVANT LAW

This case grapples with several Federal Rules of Civil Procedure, which we lay

out below.

The first, Rule 58, deals with entering judgment. It requires that "every judgment and amended judgment must be set out in a separate document," with certain exceptions that are not relevant here. Fed. R. Civ. P. 58(a). Part (c) of the Rule explains what happens if, as in this case, a separate document is never issued:

> (c) Time of Entry. For purposes of these rules, judgment is entered at the
> following times...
> > (2) if a separate document is required, when the judgment is entered
> > in the civil docket under Rule 79(a) and the earlier of these events
> > occurs:
> > > (A) it is set out in a separate document; or
> > > (B) 150 days have run from the entry in the civil docket.

Fed. R. Civ. P. 58(c).

Rule 59 provides instructions on "altering or amending a judgment." Part (e) states that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e).

Finally, Rule 60(b) is titled "Grounds for Relief from a Final Judgment, Order, or Proceeding," and explains, in relevant part, that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for... any other reason that justifies relief." Fed. R. Civ. Pro 60(b)(6). The Tenth Circuit has stated that this type of relief is "extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437 1440 (10th Cir. 1990).

## DISCUSSION

Let us be the first to acknowledge that this case has ended up in a rather confusing procedural Neverland. To summarize, the Tenth Circuit determined that our dismissal

4

was not a final judgment because we intended for Plaintiffs to perfect their complaint. Plaintiffs, however, have not done so; nor have they decided to stand on their original complaint and appeal it. Consequently, the case remains in a Peter Pan-esque state of immaturity, preventing any court from adjudicating on the merits.

Defendants frame their motion as a request that we use our inherent powers to impose a deadline on Plaintiffs to amend their complaint. Plaintiffs argue that this case is functionally, if not administratively, closed, because 150 days have passed from the entry of our order. *See* Fed. R. Civ. P. 58(c). Accordingly, they interpret Defendants' motion as a Rule 60(b) motion for "Relief from a Final Judgment, Order or Proceeding." Ultimately, we find that Defendants' *Motion* is best construed as a timely filing under Rule 59(e), and that providing a deadline by which Plaintiffs must amend their complaint is an appropriate remedy in this matter. We assess the parties' arguments about how to define Defendants' *Motion* procedurally, and whether to grant it, below.

I.    Rule 60(b)

Defendants' request for an amended-complaint deadline is not a Rule 60(b) motion because our initial order is not a final judgment. Part (b) of the Rule refers exclusively to "a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b)[2]. The Tenth Circuit has expressly determined that our August 2023 order was a "non-final dismissal." In a separate case, the Tenth Circuit also clarified that Rule 58(c) does not grant

---

[2] Rule 60 is entitled "Relief from a Judgment or Order." Under this headline, part (a) of the Rule outlines requirements for certain types of relief from a *non*-final "judgment, order, or other part of the record" for clerical mistakes or oversights. Fed. R. Civ. P. 60(a). By contrast, relief under part (b) is specifically constrained to "grounds for relief from a *final* judgment." Fed. R. Civ. P. 60(b) (emphasis added).

substantive finality to a decision that otherwise lacks it. *Murphy v. Schaible*, 108 F.4th

1257, 1271 (10th Cir. 2024). Therefore, our 2023 order remains non-final, and Rule 60(b)

does not apply here.

In *Murphy,* the court first "distinguish[ed] between what we can call *substantive*

and *technical* finality." *Id.* at 1272 (emphasis in original). Consistent with its instruction

in our current case, the court clarified that a judgment is not "*substantively* final... [until]

the court has disposed of all matters as to all parties and causes of action, leaving it

nothing but ministerial tasks to complete." *Id.* Separately, a judgment becomes

"*technically* final... when it is entered in a separate document or after 150 days have

elapsed since it was entered in the civil docket." *Id.*

Second, the court explains that Rule 58, while offering technical finality, cannot

bequeath substantive finality on a judgment that otherwise lacks it. Rule 58(c) only grants

finality if the judge's decision was already substantively final: "if the court fails to set out

an *otherwise final judgment* in a separate document, the judgment *becomes final* by

operation of law 150 days after its entry in the civil docket." *Id.* at 1271. Importantly,

"however, this Rule cannot cure lack of finality of the judgment." *Id.*

The application to this case is relatively simple: we and the Tenth Circuit agree

that our dismissal order was not a substantively final judgment. Rule 58(c) cannot grant

substantive finality where there is none. And a judgment or order cannot be final without

substantive finality. Therefore, Rule 60(b)'s instructions on final judgments and orders do

not apply here.

II.     Inherent Scheduling Power

6

Defendants suggest that we use our inherent scheduling power to set their proposed deadline for Plaintiffs. There is some support for this idea, although it is not the authority upon which we ultimately rest our decision.

A trial court's inherent power can be found in a few different forms that are relevant here. First, as recognized both by the Supreme Court and Rule 54(b), "the Court has recognized that a district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment in a civil case." *Dietz v. Bouldin.*, 579 U.S. 40, 46 (2016) (citing Fed. Rule Civ. Proc. 54(b)[3]); *see also Marconi Wireless T. Co. of Am. v. United States,* 320 U.S. 1, 47 (1943) ("Hence the [district] court did not lack power at any time prior to entry of its final judgment… to reconsider any portion of its decision and reopen any part of the case.").

Second, "[t]his Court has held that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz*, 579 U.S. at 46; *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (recognizing a district court's "'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve orderly and expeditious disposition of cases."). Specifically, trial courts have the independent authority to recall a discharged jury, to stay proceedings while a parallel case proceeds, to stay the disbursement of funds until final adjudication, and to dismiss a case

---

[3] Rule 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicated all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

for failure to prosecute. *Dietz*, 579 U.S. at 47; *Link*, 370 U.S. at 630-31 (clarifying that the court's power is broader than what is provided by Federal Rule of Civil Procedure 41(b), which allows for the dismissal of an action if the plaintiff fails to prosecute or comply with a court order).

In *Jung v. K. D. Min. Co.*, the Court suggested that district courts could use this power to manage the disposition of an action when, as is the case here, the court has ordered a dismissal without prejudice and the case remains open, but plaintiffs have chosen not to act. In *Jung*, the district court dismissed a complaint with leave to amend within twenty days. 356 U.S. 335, 336 (1958). Plaintiffs did nothing for two years, at which point they filed a motion to stand on their complaint. *Id.* The district court accordingly changed the dismissal to one with prejudice, and the plaintiffs subsequently appealed. *Id.* The Supreme Court, in upholding the timeliness of the appeal, stated that

> the defendants... did not, as they so easily could have done, nor did the District Court *exercising power sua sponte over its own calendar*, take any step to put a definitive end to the case and thereby fix an unequivocal terminal date for appealability.

*Id.* at 337 (emphasis added).

The matter before us is slightly different. Unlike the trial court in *Jung,* we gave Plaintiffs no deadline to amend in our initial order, so Plaintiffs' amendment option cannot be said to have expired. The *Jung* Court may have been suggesting that the district court use its power, as defined in *Link,* to dismiss the case for lack of prosecution. However, that option – dismissal with prejudice – would be premature here, because we have not provided Plaintiffs with any advance notice. *See Woodroffe v. Fla. Dep't of Fin. Servs.*, 774 F. App'x

8

553, 555 (11th Cir. 2019) ("As for notice, the district court did not provide [plaintiff] with advance notice that it intended to dismiss his complaint with prejudice or give him an opportunity to respond.").

An obvious solution, of course, would be to provide notice to Plaintiffs of the potential for dismissal with prejudice and allow an opportunity to respond. Functionally, that is what we have chosen to do. However, the support for doing so is stronger under Rule 59, and thus we turn our focus there instead.

III.   Rule 59(e)

The most logical interpretation of Defendants' *Motion* is under Rule 59(e). Rule 59(e) simply states that "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). "Rule 59(e) covers a broad range of motions, and the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral to the judgment." *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008) (quoting 11 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure § 2810.1 (2d ed.2008)).

Both *Jung* and the Tenth Circuit in *Hogan* have recognized a defendant's right to bring a motion to impose a deadline. *Hogan v. Pilgrim's Pride Corp.*, 73 F.4th 1150, 1161 (10th Cir. 2023) ("Defendants may feel put upon because of the long delay until their entitlement to repose. But it is not as if they had been without recourse to expedite the matter. For one thing, they could have requested the court to impose a deadline."); *Jung*, 356 U.S. at 337 ("defendants... did not, as they so easily could have done... take any step

9

to put a definitive end to the case."). Neither *Jung* nor *Hogan* specify what type of motion a defendant might bring, but *Hogan* does cite *Britt v. DeJoy*, a Fourth Circuit case that references Rule 59 specifically. In *Britt v. DeJoy*, the Fourth Circuit held that when a district court dismisses a complaint without prejudice, but remains silent as to a deadline, "litigants on either side have the option of filing a motion requesting that the district court provide a specific deadline by which the plaintiff must amend her complaint. *See* Fed. R. Civ. P. 59." 45 F.4th 790, 798 (4th Cir. 2022). It seems fairly definitive, from these holdings, that Defendants are within their rights to motion for such a deadline.

The fact that Defendants did not label their motion as a Rule 59(e) motion is not much of an obstacle. *See Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1525 (11th Cir. 1987), *aff'd sub nom. Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989) (holding that a postjudgment motion for prejudgment interest could be characterized as a Rule 59(e) motion because it required the court to substantively reconsider its original judgment). Even Plaintiffs agree that such a motion is the appropriate method for requesting a deadline. ECF No. 50 at 5 ("If Kappa… wanted to set a deadline for an amended complaint, Kappa could have asked to alter or amend judgement under Rule 59(e), as the Fourth Circuit suggested."). Although Defendants are of the opposite view – "This was a non-final order. Rule 59(e) is clearly inapplicable" – it is because they have not applied the *Murphy* holdings, as discussed below, to this case. ECF No. 52 at 4. While both parties are somewhat misguided in their reasoning, Plaintiffs arrive at the correct conclusion on this point. Rule 59(e) is clearly applicable and is the only way to properly construe Defendant's motion.

While Plaintiffs acknowledge that a Rule 59(e) motion is a legitimate way to request a deadline, they argue that the Rule's twenty-eight-day post-judgment deadline means that the opportunity to file such a motion has expired. This conclusion is incorrect: in fact, the post-judgment clock has not yet started. The Tenth Circuit explicitly dealt with this issue in the aforementioned *Murphy* opinion: it held that only judgments that are both technically *and* substantively final start the clock for post-judgment motions. 108 F.4th at 1271. As the court explains, "The time at which final judgment is entered is consequential. Most importantly, it starts the clock running on the time for appeal. *But it also controls the time for filing post-judgment motions*." *Id.* (emphasis added). In *Murphy*, as is the case here, the court's judgment lacked substantive finality, despite gaining technical finality upon the expiration of Rule 58(c)'s 150 days. *Id.* As result, the court held that the clock had not yet started ticking on post-judgment motions such as those brought under Rule 59. *Id.* at 1273.

Applying *Murphy*, we also hold that the time to file a Rule 59(e) has not yet expired: our order in this case is only technically, not substantively final. Furthermore, *Murphy* and other Tenth Circuit cases clarify that Rule 59(e) motions may also be filed before judgments are final, as well as a maximum of 28 days afterwards. *Id.* at 1272-73; *Hilst v. Bowen*, 874 F.2d 725, 726 (10th Cir. 1989). Therefore, Rule 59(e) motions remain timely in this matter.

Having found that a Rule 59(e) motion was properly brought in this case, we embark on the next phase of our analysis, which takes us into somewhat murkier territory: whether these particular facts satisfy the standard by which the motion may be granted. The Rule itself does not provide much direction; thus, "the district court enjoys considerable

11

discretion in granting or denying the motion." 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1, pp. 127–28 (2d ed. 1995). Generally speaking, Rule 59 motions may be granted on four grounds: the correction of manifest errors of law or fact, the discovery of new evidence, the prevention of manifest injustice, or a change in controlling law. *Id.* The present motion logically falls into the third option: the prevention of manifest injustice. As the Defendants argue, "The Court should not permit Plaintiffs to hold this case in abeyance while allies who are also Kappa shareholders assert identical shareholder derivative claims against Kappa Fraternity Council members in other proceedings." ECF No. 47 at 8.

This Court has not uncovered any cases beyond *Britt* or *Hogan* that have dealt with, or even contemplated dealing with, Rule 59(e) motions like this one. However, the facts here are remarkably similar to those in *Hogan*: the court in that case also initially dismissed the plaintiff's complaint without providing a deadline to amend, and the case remained open on the docket for nearly two years. Because of this, the plaintiffs in *Hogan* were able to file an amended complaint that would have otherwise been barred by a statute of repose because it related back to the original complaint. *Hogan*, 73 F.4th at 1157. Here, we are also closing in on two years post-dismissal, and the non-final nature of our order could similarly allow Plaintiffs to bypass Wyoming's statute of limitations for contract claims and indefinitely extend their timeline to file this claim. *See* WY Stat. § 1-3-105. The *Hogan* court indirectly (by citing to *Britt*) suggested a Rule 59(e) motion by defendants would have been successful there; we therefore see no reason why it should not also be successful here.

## CONCLUSION

Having considered the written submissions, the applicable law, and being otherwise fully advised, the Court finds that Defendants' *Motion for Deadline for Plaintiffs to Amend Complaint* (ECF No. 47) is **GRANTED**. **IT IS HEREBY ORDERED** that Plaintiffs have thirty (30) days to file a Second Amended Complaint. **IT IS FURTHER ORDERED** that if no amended complaint is filed, the Court's earlier Order of dismissal without prejudice (ECF No. 31) will convert to a dismissal on the merits.

Dated this ____ 9th ____ day of May, 2025.

Alan B. Johnson
United States District Judge