**FILED**



3:01 pm, 5/14/25

**Margaret Botkins**
**Clerk of Court**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

JAYLYN WESTENBROEK, HANNAH
HOLTMEIER, ALLISON COGHAN,
GRACE CHOATE, MADELINE
RAMAR, and MEGAN KOSAR, on
behalf of themselves and derivatively on
behalf of KAPPA KAPPA GAMMA
FRATERNITY,

        Plaintiffs,

    VS.

KAPPA KAPPA GAMMA
FRATERNITY, an Ohio non-profit
corporation, as a Nominal Defendant and
as a Direct Defendant; MARY PAT
ROONEY, President of the Fraternity
Council of KAPPA KAPPA GAMMA
FRATERNITY, in her official capacity;
KAPPA KAPPA GAMMA BUILDING
CO., a Wyoming non-profit corporation;
and ARTEMIS LANGFORD,

        Defendants,

Case No.  2:23-CV-51

---

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS (ECF No. 49)

THIS MATTER comes before us on Defendant Artemis Langford's *Motion to
Dismiss with Prejudice* (ECF No. 49), filed on March 3, 2025, in which she requests that
this Court dismiss her with prejudice as party from this case. Plaintiffs responded in
opposition (ECF No. 51) on March 14th. For context, we dismissed Plaintiffs' *Amended*

1

*Complaint* (ECF No. 6) in 2023 without prejudice (ECF No. 31). At the time, Ms.

Langford also had a pending *Motion to Dismiss* (ECF No. 22), which we dismissed as

moot. ECF No. 31 at 41. Currently, Plaintiffs are considering whether to file a second

amended complaint or stand on their *Amended Complaint*. Per our Order, they must make

this decision by June 9, 2025. ECF No. 57.

     Ms. Langford argues that this Court should dismiss her from this case with

prejudice as a sanction for violating Rule 8 of the Federal Rules of Civil Procedure,

which describes the "general rules of pleading." Fed. R. Civ. P. 8. In doing so, Ms.

Langford incorporates the portion of her initial *Motion to Dismiss* (ECF No. 22), filed in

2023 before we dismissed Plaintiffs' *Amended Complaint* on other grounds, in which she

also alleged Rule 8 violations. There, she argued that Plaintiffs' *Amended Complaint*

contained dozens of extraneous pages that only served to "fling dehumanizing mud" at

Ms. Langford and did not advance Plaintiffs' legal arguments. ECF No. 23 at 5.

     In the present *Motion*, Ms. Langford elaborates on the *Ehrenhaus* factors, which

detail when a court may sanction a party for a rule violation by dismissing a complaint

with prejudice instead of without. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th

Cir. 1992). Plaintiffs, in response, point out that Ms. Langford has not provided any

procedural basis for the dismissing a complaint that is already dismissed, and that in any

case Ms. Langford's allegations do not support a violation because their *Amended

Complaint* did not contain excessive information. ECF No. 51 at 8-9.

     While we find that we may considering Ms. Langford's *Motion* under Rule 59(e),

we are unable to grant it because we have not provided Plaintiffs with sufficient notice of

potential sanctions. We must therefore **DENY** Defendant's request for dismissal with prejudice.

## DISCUSSION

This is not a typical motion for Rule 8 sanctions because (a) there is not currently an active complaint in this case and (b) we already declared Ms. Langford's initial motion on the same grounds to be moot. When we dismissed Plaintiffs' *Amended Complaint* in our Order on August 25, 2023, we also dismissed as moot Ms. Langford's initial *Motion to Dismiss* (ECF No. 22), which, among other things, alleged a Rule 8 violation. ECF No. 31 at 41. Here, Ms. Langford renews her earlier *Motion* against Plaintiffs' now-dismissed complaint, this time with updated information about the prejudice that she continues to suffer as a result of that complaint. Ms. Langford is therefore not simply requesting a sanction; she is requesting an amendment to our decision finding her previous motion moot. Ms. Langford has not elaborated on the procedural basis for her current *Motion* on these terms, leaving us to figure out whether such a motion can be brought and, if so, what standards to apply.

We disagree with Plaintiffs' assertion that Ms. Langford's *Motion* must be interpreted as a Rule 60(b) motion; instead, we evaluate it under Rule 59(e). As we explained in our earlier Order, there has been no final judgment in this case; therefore, Rule 60(b) is not applicable here. ECF No. 57 at 5-6. We also explained that the appropriate manner of characterizing a motion for a substantive amendment to one of our orders in these circumstances is under Rule 59(e), and that such motions are timely here. *Id.* at 9-12. In general, "Rule 59(e) covers a broad range of motions, and the only real

3

limitation on the type of the motion permitted is that it must request a substantive

alteration of the judgment, not merely the correction of a clerical error, or relief of a type

wholly collateral to the judgment." *Schwartz v. Liberty Mut. Ins. Co.,* 539 F .3d 135, 153

(2d Cir. 2008) (quoting 11 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane,

Federal Practice & Procedure § 2810.1 (2d ed.2008)). Quoting the same text, we wrote,

"Generally speaking, Rule 59 motions may be granted on four grounds: the correction of

manifest errors of law or fact, the discovery of new evidence, the prevention of manifest

injustice, or a change in controlling law." ECF No. 57 at 12.

Without explicitly stating so, Ms. Langford appears to be asserting this motion on

the grounds of new evidence and manifest injustice. She provides, *inter alia,* evidence of

a public interview in which Plaintiffs' counsel denigrate Ms. Langford specifically, ECF

No. 49 at 11, and mention her by name in an interview at the White House. ECF No. 49

at 13. She also provides dozens of pages of angry public commentary on social media

calling Ms. Langford a pervert, a perpetrator of assault and harassment, and a criminal,

largely based on the allegations in Plaintiffs' complaint. *See, e.g.,* ECF No. 49-16 at 4-6,

ECF No. 55-6. Prominent podcasters have taken up the cause, labelling Ms. Langford a

"neurotic freak" and repeating the contested[1] and irrelevant allegations mentioned in

Plaintiffs' *Amended Complaint* to hundreds of thousands of followers. ECF No. 49 at 8.

These allegations were also repeated in testimony before Congress. *Id.* at 11. She has

---

[1] Including, according to Defendants, by the Plaintiffs' own source. *See* ECF No. 27 at 2 ("What Plaintiffs do not inform this Court of is that the person who initially spread what is perhaps the most vicious rumor about Ms. Langford... has since admitted that she had actually repeated a drunken story that she did not believe to be true. When Ms. Kosar learned of this, she replied, 'D-mn that s-cks . . . [b]ut still Artemis is creepy in other ways at least.'")

4

been the subject of multiple protests at the University of Wyoming, where she is still a student. *Id*. at 9-10. All of this has occurred after we dismissed Plaintiffs' complaint.[2]

We next consider the merits of Ms. Langford's allegations of a Rule 8 violation. In *Ehrenhaus v. Reynolds,* the Tenth Circuit laid out five factors that a court must consider when dismissing with prejudice as a sanction. 965 F.2d 916, 921 (10th Cir. 1992). These factors are as follows:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process;…(3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id*. (internal citations omitted). The court further clarified that "dismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Id*. at 920.

We find that the first factor here is satisfied: Ms. Langford suffers a high degree of prejudice as a result of the continuing litigation of this case. "[A] lawsuit containing… serious and stigmatizing allegations… damages the reputation of those accused so long as the lawsuit remains pending." *Id*. at 921. Even without the information that Ms. Langford provided in her *Motion,* we believe all parties would agree that Plaintiffs' *Amended Complaint* objectively contained serious and stigmatizing allegations. Additionally, Plaintiffs' year-long uncertainty about whether they planned to amend their complaint has also "caus[ed] delay and mounting attorney's fees" for Ms. Langford and "uncertainty around defense strategy." *Ellis-Hall Consultants, LLC v. Hofmann*, No. 20-

---

[2] Plaintiffs argue that none of the exhibits that Ms. Langford has attached to her briefs should be admitted. ECF No. 51 at 7-8. While we have summarized the information here, we do not actually rely on any of the exhibits for their truth in our argument, and therefore we need not address Plaintiffs' contention.

4040, 2022 WL 3972093, at *4 (10th Cir. Sept. 1, 2022) (internal citation omitted).

Finally, the Tenth Circuit "has long recognized that defendants are prejudiced by having

to respond to … wordy and unwieldy" pleadings. *Nasious v. Two Unknown B.I.C.E.*

*Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007). As we have

previously written, Plaintiffs' original complaint was excessively long and imprecise.

ECF No. 31 at 40 n.67.

We do not find as much support for the second factor, although some behavior

gives us pause. Most of the cases mentioned by Ms. Langford that found evidence of

"judicial interference" cited evidence of Plaintiffs explicitly ignoring orders from the

court or refusing to participate in or show up for key components of litigation. *See Cosby*

*v. Meadors*, 351 F.3d 1324, 1326, 1333-34 (10th Cir. 2003) (plaintiff failed to pay court

fees); *Crittendon-Morman v. Schuelke*, No. 23-CV-02630-CNS-MDB, 2024 WL

5381417, at *3 (D. Colo. Dec. 11, 2024), *report and recommendation adopted sub nom.*

*Crittendon-Morman v. Lara*, No. 1:23-CV-02630-CNS-MDB, 2025 WL 29736 (D. Colo.

Jan. 6, 2025) (plaintiff failed to show up for his deposition); *Swan Glob. Invs., LLC v.*

*Young*, No. 18-CV-03124-CMA-NRN, 2020 WL 5204293, at *7 (D. Colo. June 5, 2020),

*report and recommendation adopted*, No. 18-CV-03124-CMA-NRN, 2020 WL 9432880

(D. Colo. Dec. 10, 2020) (plaintiff was, among other things, "egregiously deficient in

responding to [defendant's] discovery requests"); *Valentine v. PNC Fin. Servs. Grp., Inc.*,

No. 18-CV-01934-CMA-SKC, 2019 WL 5957297, at *3 (D. Colo. Nov. 13, 2019), *aff'd*,

820 F. App'x 722 (10th Cir. 2020) ("Plaintiff's refusal to comply with court orders has

inhibited the Court's ability to perform straightforward tasks such as holding a scheduling conference.").

Here, Plaintiffs have complied with deadlines and other orders. We would take the opportunity, however, to remind Plaintiffs' counsel of our Local Rule 84.1(a)(1): "Attorneys shall at all times exercise professional integrity, candor, diligence and utmost respect to the legal system, judiciary, litigants and other attorneys." While derogatory comments directed at this Court by outside parties are not relevant here, any public comments made by Plaintiffs' counsel about this Court's motives, particularly while this case is ongoing, are a disservice to everyone involved in upholding the rule of law – including Plaintiffs' counsel themselves. Evidence of violations of this rule will be taken seriously.

Regarding culpability, Plaintiffs also appear to have purposefully included irrelevant stigmatizing allegations in their *Amended Complaint. See, e.g.,* ECF No. 6 at 49-51. As we noted in our previous order, Ms. Langford's "unsubstantiated behavior at the UW chapter house has no bearing on Plaintiffs' legal claims" and was "unbefitting in federal court." ECF No. 31 at 40 n.68. After receiving this rebuke, however, Plaintiffs have not taken further action in defying our order; the issue at the stage is that they have not taken any action.

The reason that we cannot grant Ms. Langford's request is because the final two factors, which also interact with the second and third factor, are not met. The Tenth Circuit has specified that while the first three factors help determine whether a sanction should be applied, the final two determine whether dismissal is merited. *King v. Fleming,*

899 F.3d 1140, 1150 (10th Cir. 2018) ("whether the court warned the party in advance

that dismissal of the action would be a likely sanction for noncompliance and whether

lesser sanctions would be effective, *id.*,—are dismissal-specific.").

Essentially, to dismiss the case with prejudice at this stage, we would need to have

provided explicit notice to Plaintiffs that such a sanction was being contemplated. In

every case cited by both parties, the trial court only dismissed the complaint with

prejudice after (1) the plaintiffs were notified that their behavior was unsatisfactory, *and*

(2) the plaintiffs continued to act in defiance of the court. The plaintiff in *Ehrenhaus*

defied two court orders, the first of which put the plaintiff on notice that a subsequent

failure to comply would result in dismissal. 965 F.2d at 921. In *Valentine*, the judge had

also issued an earlier order "that explained to Plaintiff why her absence was

sanctionable." 2019 WL 5957297, at *4 (D. Colo. Nov. 13, 2019). The plaintiff in *Swan*

also received a prior sanction. 2020 WL 5204293, at *7 (D. Colo. June 5, 2020).

Here, Plaintiffs have not received notice that we were considering dismissal with

prejudice as a sanction, nor defied an order containing any such warning. We provided

Plaintiffs with notice of the structural deficiencies with their amended complaint in two

years ago as follows:

> If Plaintiffs wish to amend their complaint, the Court advises Plaintiffs that
> they devote more than 6% of their complaint to their legal claims against
> Defendants. It also counsels Plaintiffs to provide more factual detail, where
> feasible, as well as highlight the Defendant(s) it sues under each count and
> relevant state statutes and authority. Finally, if provided another opportunity
> to clarify unclear language within an amended complaint, Plaintiffs should
> not copy and paste their complaint in lieu of elaboration or legal research that
> assists the Court in disentangling their claims. *See, e.g.*, ECF No. 24, at 14,
> 16-19.

ECF No. 31 at 40 n.67. Regarding the inclusion of Ms. Langford specifically, we stated:

> Without addressing the substance of Langford's motion, the Court notes the
> irrelevancy of Langford's alleged behavior. The crux of Plaintiffs' lawsuit is
> their derivative claim against Rooney and contractual claims against KKG.
> Unbefitting in federal court, Langford's unsubstantiated behavior at the UW
> chapter house has no bearing on Plaintiffs' legal claims. The Court, however,
> acknowledges that Plaintiffs' requested relief seeks to void Langford's KKG
> membership.

*Id*. at 40 n.68.[3] In the above-mentioned cases, courts explicitly warned plaintiffs of the

consequences of their behavior, and plaintiffs ignored those warnings. Here, Plaintiffs

were not warned quite so explicitly, nor have they taken further action.

This analysis is at the foundation of our consideration of the fifth factor as well:

we cannot issue the most extreme sanction when insufficient notice has been given and

other means exist of possibly resolving the issue. Regarding the latter, we issue the

following warning:

This Court takes very seriously the abuse suffered by Ms. Langford. No person

deserves to be the object of such vitriol simply for wanting to make friends and join a

club in college. If Plaintiffs decide to submit a second amended complaint that does not

adhere to the strictures of Rule 8, or which, relatedly, serves simply as a vehicle through

which to publicize allegations about Ms. Langford that *are unrelated to the legal issues*,

they risk dismissal of this action with prejudice.

## CONCLUSION

---

[3] We would also like to note again, for the record, that Plaintiffs have previously stated that "if Langford stipulates
that [s]he is not a required party, Plaintiffs would support h[er] dismissal." ECF No. 25 at 13 n.4. While Ms.
Langford did not reply to this statement, we mention it again to remind the parties that such a path might be worth
pursuing moving forward.

Having considered the written submissions, the applicable law, and being otherwise fully advised, the Court **HEREBY ORDERS** that Defendant Langford's *Motion to Dismiss with Prejudice* (ECF No. 49) is **DENIED**.

Dated this ___14th___ day of May, 2025.

Alan B. Johnson
United States District Judge